35190. ATLANTIC COAST LINE RAILROAD COMPANY
*v.* SHED.

DECIDED OCTOBER 7, 1954.

*Bennet & Vann, Thomas K. Vann, R. D. Smith,* for plaintiff in error.

*Maxwell A. Hines, Bob Reinhardt,* contra.

GARDNER, P. J. ■ Special grounds 1 and 4 contain related questions. The case at bar was tried under the provisions of the Federal Employers' Liability Act. All matters of substantive law are controlled by the provisions of that act. The plaintiff and the defendant are entitled to the benefit, in all State courts, of all the substantive law of that act of Congress. The trial court charged the jury on the essential provisions of said act as found in 45 U. S. C. A. §§ 51 and 54, relating to the cause of action arising under the law and the doctrine of assumption of risk as limited in said act. Special grounds 1 and 4 assign error because the trial court nowhere charged the jury the terms of

45 U. S. C. A. § 53, which defines and limits the rule of contributory negligence as follows: "In all actions hereafter brought against any such common carrier by railroad under or by virtue of any of the provisions of this chapter to recover damages for personal injuries to an employee, or where such injuries have resulted in his death, the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee." The doctrine of contributory negligence established in the Federal Employers' Liability Act is distinctly different from the doctrine at common law or under the general statutory rules. Under the Federal Employers' Liability Act, an employee could be negligent 99.99 percent and the employer only 00.01 percent negligent and the employee would still be entitled to recover in proportion. The effect of the negligence of the employee is interwoven with the entire scheme of the act of Congress so that it is one of the substantive features of the law. The employee is not barred by his own negligence, but the law contemplates that it is proper and just that any damage which he might recover would be in the ratio that the negligence of the employee bears to the negligence of the employer and the employee. The question before us in special grounds 1 and 4 is that the court nowhere in its charge to the jury told them the law regarding contributory negligence of the employee and the proportionate ratio of the negligence of the employee to the total negligence of the employer. Counsel for both parties concede that the court did not charge this principle of law.

We will discuss first that the issue must be made in the pleadings. In the instant case the plaintiff in his petition affirmatively pleaded that he was not negligent and did not contribute in any way by his own negligence to bring him under the contributory-negligence provision of the law, and the defendant in its answer denied this allegation of the plaintiff. There is no question in our minds that this made a direct issue as to the pleadings. The only other thing which must appear is whether or not this evidence produced at the trial was sufficient to make an issue as to contributory negligence. Counsel for both parties agree that, if the evidence is sufficient to form the issue of fact along with

the issue drawn by the pleadings, the trial court committed reversible error in failing to charge, without a request, as set out hereinbefore. Hence it is that we have set out certain of the evidence somewhat in detail hereinabove. There seems to be, throughout this whole case, no material difference between counsel as to the law applicable to this case insofar as special grounds 1 and 4 are concerned. It is contended by the plaintiff that the evidence demanded a finding that the plaintiff was guilty of no contributory negligence causing his injury. We differ with the contention of counsel for the plaintiff in this respect. The evidence presents sufficient facts to require that a fact-finding body pass on this issue under the record as it appears now. There are many cases cited by both parties but, as stated above, there is no substantial or material difference of opinion between counsel as to the law covering this issue. The court erred in its failure to charge as complained of in special grounds 1 and 4.

Special ground 2 is abandoned.

■ Special ground 3 complains because the court erred in charging: "I charge you in this case that, if you find that the plaintiff has suffered injury to his person which will incapacitate him or reduce his earning capacity for a time extending into the future, the jury would determine the extent of the diminution of capacity to earn money, for how long a time that loss or diminution will continue, and the reasonable value of his lost earnings. Having done that, the jury would reduce that loss to its present cash value, using as a basis of reduction, seven percent per annum as the legal value of money in Georgia." And because the court had charged previously as follows: "If you believe that the plaintiff is entitled to recover and if the evidence shows that he has lost time from his work due to his injuries and consequently lost money, and shows you with reasonable certainty the sum of money he thus lost, that sum should be awarded to the plaintiff as damages, if you believe he is entitled to recover. . .

"Gentlemen, you look to the evidence, and determine from the evidence just what sort of injury the plaintiff received, its character as to producing or not producing pain, its mildness or intensity of pain, its probable duration, whether it has ceased or whether it has continued to this day, or whether it may continue in the future, then, desiring to be fair and just to both

parties, you will give to the plaintiff, if he recovers, just such sum as you think would be fair compensation for pain and suffering, if any, due to the injuries received on this occasion. As to the amount, the law declares there is no standard by which to measure it, except the enlightened consciences of impartial jurors."

These excerpts from the charge are contended to be erroneous on a number of grounds. Assignments of error (a), (b), and (c), that there was no evidence to authorize a recovery for diminished earning capacity, that such recovery was not sought by the pleadings, and that the jury was authorized to find only a temporary disability to labor, are not sustainable. A railroad doctor testified that the plaintiff had a hernia; that he could not state the length of its duration, and that surgery was advised, as a result of which "the probability of successful rehabilitation" would be "pretty good." The plaintiff testified that before the accident he worked steadily; that at the time of the trial he could not work a full day; and that his earnings had decreased by more than half, and he was still suffering great pain. This evidence authorized charges on lost earning capacity extending into the future, loss of earnings in the past, and damages for pain and suffering. Nothing in the quoted charge would have confused the jury into believing that double damages could be awarded "for the reasonable value of lost earnings and lost time from work," or "lost earnings during the period of disability and also the value of lost earnings as a result of a diminution of capacity to earn money during the same period," as contended in assignments of error (d) and (e). Where that loss of earning capacity which is an element of pain and suffering is confused with loss of future earnings, such charge is error. *Central of Ga. Ry. Co. v. Morgan,* 145 *Ga.* 656 (89 S. E. 760). It does not appear that such error was made in this case. Cf. *Callaway v. Pickard,* 68 *Ga. App.* 637 (5) (23 S. E. 564); *Powell v. Jarrell,* 65 *Ga. App.* 453 (9) (16 S. E. 2d 198), in which cases somewhat similar charges were held not subject to the criticism that they allowed a recovery of double damages. It should be added, however, that although the charge here would not authorize a reversal of this case, care should be taken in instructing the jury to clearly separate for them the items of damage on which recovery may be had, in order that no confusion may result.

■ It is contended that the trial court erred, as set out in special ground 2, in reading 45 U. S. C. A. § 51, relating to the forms of negligence under which the defendant railroad company would be liable to the plaintiff employee, in its entirety, so as to include, among the acts of negligence "of any of the officers, agents or employees of such carrier," the words "by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed . . . or other equipment." The contention is that the jury might have thought from this that the action was predicated on defects in the railroad crossties on which the plaintiff and the fellow employee were working, and that such defects caused his injuries, and not the negligence of the fellow employee. The charge as a whole was clear that the plaintiff was seeking to recover because of the negligence of his fellow servant, and was adjusted to this issue, for which reason the portion complained of here was not harmful to the movant.

The general grounds are not passed upon, as the case is to be tried again.

The court erred in denying the amended motion for new trial.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*