40345. SOUTHERN RAILWAY COMPANY v. CABE.

DECIDED MARCH 5, 1964—REHEARING DENIED
MARCH 19 AND MARCH 31, 1964.

*Greene, Neely, Buckley & DeRieux, Ferdinand Buckley, J. Douglas Stewart,* for plaintiff in error.

*Hewlett & Ward, Sam D. Hewlett, Jr., Florence H. Dendy,* contra.

BELL, Presiding Judge. ■ We initially consider special ground 2 of the defendant's motion for new trial since it discloses such palpable error as to necessitate a reversal of the trial court's judgment in denying the defendant a new trial.

This ground objects to the ruling by the trial court which precluded the defendant from arguing to the jury the question of the plaintiff's contributory negligence. By this argument the defendant undoubtedly had in mind to impress the jury so as to bring about a diminution in amount of damages which the jury otherwise might award the plaintiff. Under the pleadings and the evidence in this case, the law clearly accords the defendant the right to have made that attempt.

In rendering his ruling the trial judge referred to his previous direction of a verdict on the question of liability in favor of the plaintiff and against the defendant and stated that the direction ". . . would preclude any argument on the question of the negligence of the defendant, including the issue of contributory negligence on the part of the plaintiff, if those existed in the case."

Relevantly, it is provided in 45 U.S.C.A., § 53, that: "In all actions hereafter brought against any such common carrier by railroad under or by virtue of any of the provisions of this chapter to recover damages for personal injuries to an employee, or where such injuries have resulted in his death, the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee."

In addition to the clear language of the statute, it is well settled by the decisions delivered in most jurisdictions in actions under the Federal Employers' Liability Act, that the jury has the duty to pass upon the question of the defendant's negligence and plaintiff's contributory negligence and to diminish the damages in proportion to the amount the causal negligence of the plaintiff bore to the negligence attributable to both the plaintiff and the defendant. Buchanan v. Chicago & N.W. R. Co. (CCA, 7th Ct.), 159 F2d 576. And see the host of cases annotated under 45 U.S.C.A., § 53, N 65.

The Federal Employers' Liability Act, 45 U.S.C.A., §§ 51-60, deals with the liability of railroads to their employees for negligent injury and makes provision for jury trial. The essence of that mode of trial, the right of the jury to pass upon the facts, must be observed under the Act. See generally Brady v. South-

ern R. Co., 320 U.S. 476 (64 SC 232, 88 LE 239) ; Wilkerson v. McCarthy, 336 U.S. 53 (69 SC 413, 93 LE 497) ; and Brown v. Western R. of Ala., 338 U.S. 294, 298 (70 SC 105, 94 LE 100). And see the numerous annotations in 45 U.S.C.A., § 53, NN 154-164.

This principle of jury trial is deeply embedded in the Georgia law. It necessarily follows that if there is in this case any evidence upon which the jury could predicate any reasonable inference or hypothesis that the plaintiff was contributorily negligent in the events surrounding his injury, the denial of the right to make the argument was harmful to the defendant and constitutes reversible error. We think the evidence clearly warranted the inference and authorized the argument.

The petition alleges that the injury occurred while the petitioner was keeping a lookout ahead. The plaintiff testified that he was facing the direction in which the train was moving. This meant that the plaintiff was facing south as the petition alleges that the train was moving in a southerly direction. Plaintiff testified that he was looking down the tracks to his left and in the direction they were moving. It is also alleged that the plaintiff was standing on the southeast corner of the car; therefore, the plaintiff would have been standing on the left front corner of the car as it proceeded in a southerly direction. The plaintiff testified that track No. 4 on which the other car involved in the injury was parked was the track east of track No. 5 on which his car was traveling. The petition alleges that the stationary car, which allegedly crushed plaintiff between itself and the car plaintiff was riding, was to plaintiff's left or to the east of him on track No. 4.

From the evidence and the allegations of the petition, since the plaintiff was proceeding in a southerly direction and looking to his left in the direction his car was moving, it would be a most reasonable hypothesis for the jury to infer that the plaintiff could have seen or did see the car on the next track which allegedly crushed him, and from this to conclude that he was contributorily negligent.

The reasonableness of this hypothesis is strengthened by the allegations in the petition and the evidence to the effect that

the two tracks involved at the place of the injury were curving to the right of the direction in which the car on which the plaintiff was riding was moving. From this it could be inferred justifiably that the stationary car on the track to plaintiff's left which knocked him from his perch would have loomed in the plaintiff's vision had he been looking ahead and down the track as he testified.

These combined factors of the pleadings and the evidence are sufficient for the jury reasonably to have based the hypothesis that the plaintiff, in some degree, was contributorily negligent.

The trial court erred in denying to the defendant the right accorded him by the law to argue to the jury the theory of the plaintiff's contributory negligence as it related to the question of diminution of damages. This error requires a reversal of the judgment denying the defendant's motion for new trial.

The complaint asserted in special ground 6 of the motion is based on the failure of the trial judge to charge on the question of the plaintiff's contributory negligence even in absence of a written request. The holding in this division obviously controls this ground. The trial court erred in failing to instruct the jury on the question of the plaintiff's contributory negligence as objected to in special ground 6.

■ In special ground 1 the defendant railroad urges as erroneous the direction of a verdict on the issue of liability in favor of the plaintiff and against the defendant.

The error committed by the trial judge in construing his direction of the verdict on liability as discussed in Division 1 does not comprehend necessarily that the court erred in the direction itself.

As previously seen, § 53 of the Federal Employers' Liability Act specifically declares that *"contributory negligence shall not bar recovery,* but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee." (Emphasis added.) This court in *Atlantic C. L. R. Co. v. Shed,* 90 Ga. App. 766, 770 (84 SE2d 212), stated that "an employee could be negligent 99.99 percent and the employer only 00.01 percent negligent and the employee would still be entitled to recover in proportion."

Coupling the clear language of the statute with the pronouncement in the *Shed* case, it is apparent that the burden required of the plaintiff to show the liability of the defendant is fulfilled sufficiently to demand a recovery for him in some amount when he offers uncontradicted proof that the defendant is negligent in any degree relating to the events which caused the plaintiff's injury. This is the status of the evidence in this case.

Bearing these principles in mind, the trial court did not err in directing a verdict in favor of the plaintiff and against the defendant on the question of liability.

We wish to make it plain that, on any retrial of the case, the trial court's direction of the verdict on liability cannot exclude the jury's consideration of the plaintiff's contributory negligence for the purpose of a possible diminution of damages nor can the direction of the court preclude on any retrial the admission of any evidence properly offered by the defendant which may tend to show contributory negligence on the part of plaintiff.

■ Special ground 3 objects to the failure of the trial court to give in its instructions to the jury a written request to charge. The request reads as follows: "I charge you, Gentlemen of the Jury, that in the absence of evidence to the contrary the defendant had the right to assume that plaintiff was a person of ordinary intelligence and that he was laboring under no physical defect or disability which rendered him incapable of appreciating his situation and of knowing the dangers incident thereto."

The request was adjusted to the issue bearing upon the contributory negligence of the defendant.

It presented a correct pronouncement of the law. Funk v. Seaboard Air Line R. Co. (USCA, 5th Cir.), 212 F2d 434, 435 (2); *Hendrix v. Vale Royal Mfg. Co.*, 134 Ga. 712, 713 (1) (68 SE 483); *Thomas v. Georgia Granite Co.*, 140 Ga. 459, 460-461 (79 SE 130); *Holcombe v. State*, 5 Ga. App. 47, 53-54 (4) (62 SE 647); *Gardner v. State*, 81 Ga. 144 (4) (7 SE 144); *Davis v. Central R.*, 60 Ga. 329, 333; *Annis v. Georgia Power Co.*, 42 Ga. App. 754, 758 (157 SE 242); *Beasley v. Elder*, 88 Ga. App. 419 (1) (76 SE2d 849).

The trial judge erred in refusing to include the written request in his instructions to the jury.

■ Error is urged in special ground 4 on the failure to charge the following written request: "I charge you, Gentlemen of the Jury, that there rested upon plaintiff in this case a duty to exercise ordinary care for his own safety, ordinary care as applied to the plaintiff, as well as applied to defendant, being just such care as an ordinarily prudent person would exercise under the same or similar circumstances. The failure, if any, of the plaintiff to exercise ordinary care for his own safety would constitute negligence on his part."

The request as submitted does not present an accurate statement of the law. By the inclusion of the sentence fragment "as well as applied to defendant" in the first sentence of the request, the request is subject to the confusing inference that the plaintiff was under a duty to exercise ordinary care as applied to the defendant. This sentence fragment spoils what otherwise would have been a correct and applicable instruction in this case.

The court did not err in refusing to give the request as presented.

The written request to charge stated in special ground 5 of the motion for new trial was not adjusted to the evidence in the case, and the trial judge did not err in refusing to give it in his instructions.

■ Special ground 7 of the defendant's motion for new trial complains of the refusal of the trial court to allow in evidence the amount of the pension which the plaintiff was drawing by virtue of his retirement from the railroad. Error is also assigned on substantially the same ground to the court's sustaining the plaintiff's objections to an interrogatory directed to the plaintiff.

There was no error in the exclusion of this testimony nor in the sustaining of plaintiff's objections to the defendant's interrogatory.

Previously, the plaintiff had disclosed that he was compelled to retire on December 31, 1958, under an agreement between the railroad and the union to which the plaintiff belonged. The injury for which suit was brought occurred on or about the 8th day of December 1958.

In New York, New Haven & Hartford R. Co. v. Leary (USCA, 1st Cir.), 204 F2d 461, 467, 468 [5], it was stated that: "There was no prejudicial error in refusing to allow defendant to show that plaintiff was receiving disability pension from the United States Government under the Railroad Retirement Act which should be considered in mitigation of damages . . . The Railroad Retirement Act is substantially a Social Security Act for the employees of common carriers. The retirement fund is supported by tax collections from employer and employee . . . and to a limited extent by the general public . . . The benefits received under such a system of social legislation are not directly attributable to the contributions of the employer, so they cannot be considered in mitigation of the damages caused by the employer."

We do not think under the Georgia law the testimony would have been admissible for the purpose of permitting the defendant to argue the amount of the plaintiff's retirement benefits in mitigation of damages. Neither would it have been relevant to show an assuagement of any pain and suffering which plaintiff might have had by reason of his inability to do remunerative work after the injury. Nor would it have been admissible under the record in this case to show that the plaintiff had no incentive to work or whether he intended to work after retirement.

We think the problem is analogous to that discussed in the case of *Wachtel v. Leonard*, 45 Ga. App. 14 (163 SE 512), and other cases of like import.

■ Special ground 8 of the motion for new trial objects to the court's allowing in evidence over objection the following question and answer:

"Q. Now, Professor, based on your experince as an engineer, will you tell us whether or not, from looking at the plats out there in the yard there and making this scale model of these cars, whether or not, as you look out at The Crescent City car as you would look at a car from an engineering standpoint and from your experience in engineering, a person looking at a car under those circumstances, will you tell us whether or not that car gives any illusion of being further away or closer to the tracks as you come in.

"A. Well, sir, as you would approach the car that was standing still, I don't think you would realize that it would be as close when you really got down to the center of it. I think it would give you the impression that you'd have room to clear it as you came through there, sir."

The objections to the evidence were that the witness's testimony constituted mere speculation, opinion, and conjecture without a proper foundation having been laid.

The question was propounded to the witness Lucas who had been qualified as an expert in the following particulars: He is a registered land surveyor and a registered professional engineer; he holds 3 degrees: Bachelor of Science in mechanical engineering, Bachelor of Science in civil engineering, and a Master of Science in civil engineering; he taught at Georgia Tech for 41 years and is now retired from the faculty; he is presently a consulting engineer; his consulting work is largely in the building profession, working on housing projects or similar buildings; he has worked for the State Highway Department and with the Ready-Mix Concrete people whom he helped to set up their plants, design their mixes, and regulate their controls.

*Code* § 38-1710 states that: "The opinions of experts, on any question of science, skill, trade, or like questions, shall always be admissible; and such opinions may be given on the facts as proved by other witnesses."

An expert can express an opinion on a matter "when the matter inquired about lies within the domain of the profession or calling which the witness pursues." *Macon R. &c. Co. v. Mason*, 123 Ga. 773, 779 (51 SE 569). Generally, nothing more is required to qualify an expert than that he has been educated in a particular trade or profession. This special knowledge may be derived from experience as well as study. *Carter v. Marble Products, Inc.*, 179 Ga. 122 (1) (175 SE 480).

However, there is one basic reason why we think the evidence was improperly admitted. Succinctly stated, we do not think the witness was properly qualified as an expert on optical illusions so as to authorize him to state in evidence his opinion on the question asked.

In this modern day of specialized inquiry, the terms engineer,

civil engineer, or surveyor cannot properly embrace expertise within the meaning of the law in every phase of science. The court cannot accord to those broad terms the requisite "study" and "experience" in every facet of knowledge or assume that every technical problem "lies within the domain" of those callings. There was nothing asked of Mr. Lucas in the questions qualifying him as an expert which showed him qualified to express an opinion on whether one riding on the southeast corner of, a railroad car and approaching a stationary car on another track would have an impression that he could clear the car without injury to himself. Mr. Lucas did not show that he had seen or experienced for himself the approach of railroad cars in such a manner. He did not show that his education, teaching, or experience extended into this area of optical illusion. To the contrary, he expressly testified that he had not seen or experienced the event about which he testified and concerning which he voiced an opinion. "While expert witnesses may give their opinions as to facts, principles, and rules involved in the science in which they are learned, they are not, as to questions lying out of the domain of the science, art, or trade in which they are experts, exempt from the restriction of the rule which requires witnesses to state facts and not opinions." *Hammond v. State,* 156 Ga. 880 (2) (120 SE 539). Certainly, the mere facts that he had studied the plats of railroad tracks and had prepared scale copies of the railroad cars in question would not, in the absence of further explanation, show him to be competent to testify on the impression or illusion the approaching cars would give.

■ The court erred in refusing to allow the plaintiff to answer a question asked by the defendant as stated in special ground 9 of the motion for new trial. The question sought to elicit from the plaintiff evidence which might tend to show him as being contributorily negligent. For this purpose it was admissible. The foundation for the question was laid in the plaintiff's testimony which indicated that he realized the clearance was close.

■ The trial court did not err in overruling defendant's special demurrer and motion to strike, nor did the court err in overruling defendant's motion for judgment notwithstanding the

verdict.  The evidence did not demand a verdict for the defendant.

*Judgment overruling defendant's motion for new trial reversed on special grounds 2, 3, 6, 8, and 9.  Hall and Pannell, JJ., concur.*