### 48533. MARTIN v. NEWTON.

EBERHARDT, Presiding Judge. John H. Martin filed his complaint against Ronald and Barbara Newton, seeking to recover for damage to his automobile sustained when Barbara Newton collided with its rear while it was stopped at the yield sign on an entrance ramp to an expressway. The case was tried before the court without a jury and was dismissed as to Ronald Newton on the ground that plaintiff failed to prove any agency relationship between the Newtons. This ruling is not complained of. The court made findings of fact and conclusions of law, dismissing the action as to Barbara Newton on the ground asserted in her oral motion for dismissal that there was no competent evidence to show that the plaintiff had sustained any damage. Plaintiff appeals. *Held:*

1. This is a loan receipt-subrogation type claim, plaintiff having been paid by his insurer for the loss. The insurer's adjuster and appraiser, Mr. Sellers, testified at the trial, and plaintiff, seeking to establish the amount of the loss, attempted to introduce into evidence the loan receipt and a written estimate of the damage agreed upon by Sellers, with a photograph of the damaged automobile attached thereto. The court refused to admit the documents into evidence, and these rulings are enumerated as error. However, these enumerations are not supported in the brief by argument or citation of authority and are deemed abandoned. Rule 18 (c) (2), this court, 122 Ga. App. 885, 894; *Schmid v. State,* 226 Ga. 70 (172 SE2d 616).

2. Plaintiff's wife, who was operating the automobile at the time of the collision, testified that it had been purchased new only a

few months prior to this occurrence, had low mileage, was in good condition and had not been previously damaged. She further testified that the collision was of some force and did substantial damage to the rear of her husband's automobile.

Mr. Sellers testified that he was an insurance adjuster and appraiser and has been so employed for seven and a half years; that as an adjuster and appraiser it was his job to examine the damage to wrecked automobiles and write appraisals for the repair; that in the course of his employment he averaged inspecting, evaluating or appraising approximately three or four automobiles per day; that as an employee of State Farm Mutual Automobile Insurance Company, this particular loss had been assigned to him for handling; that he took a photograph of the damaged portion of the automobile and went over the written estimate of the damage with Mr. Thompson, an employee of Harry White Ford, Inc.; that he and Mr. Thompson reached an agreed price of $1,143.09 for the repair of plaintiff's automobile; that he made out a loan receipt in his own handwriting and paid the $1,143.09 to plaintiff; that there was no other damage to the vehicle and in his opinion as an expert it appeared that all of the damage was brought about by the rear end collision in question; that in his opinion the value of the automobile was between $3,100 and $3,200 immediately prior to the collision, and had a value of $1,900 to $2,000 immediately following the collision.

In view of the foregoing, we are unable to agree with the trial court that there was no competent evidence to show that plaintiff had sustained any damage. Clearly Mr. Sellers was qualified as an expert with regard to collision losses and damage and could express his opinion on these matters. Code § 38-1710. "An expert can express an opinion on a matter 'when the matter inquired about lies within the domain of the profession or calling which the witness pursues.' *Macon R. &c. Co. v. Mason,* 123 Ga. 773, 779 (51 SE 569). Generally, nothing more is required to qualify an expert than that he has been educated in a particular trade or profession. This special knowledge may be derived from experience as well as study. *Carter v. Marble Products, Inc.,* 179 Ga. 122 (1) (175 SE 480)." *Southern R. Co. v. Cabe,* 109 Ga. App. 432, 442 (136 SE2d 438). Having been assigned this loss to handle, and having photographed the damage and reviewed the itemized estimate of repairs with the repair personnel, the facts upon which his opinion was based sufficiently appear, regardless of whether the facts need have been specified at all. See, e. g., Code

Ann. § 38-1709; *Clemones v. Alabama Power Co.*, 107 Ga. App. 489, 492 (130 SE2d 600).

*Judgment reversed. Pannell and Stolz, JJ., concur.*

SUBMITTED SEPTEMBER 5, 1973 — DECIDED SEPTEMBER 26, 1973.

*Henning, Chambers & Mabry, W. C. Brooks,* for appellant.
*Weiner & Bazemore, Paul S. Weiner,* for appellee.