## 62177. MORRIS v. THE STATE.

SHULMAN, Presiding Judge.

On July 9, 1980, appellant was being transported from the Douglas County jail to a doctor's office. When appellant was searched prior to being transported, he attempted to put his right hand into his pocket. The guards found in that pocket a broken pen, a .22 bullet, and a rubber band. The pen and bullet were put together in a manner commonly known as a "zip gun." Appellant was placed in an isolation cell where his bedding subsequently caught fire.

During the trial, a police sergeant testified that, in his opinion, the device found on the appellant's person was capable of detonating and projecting a .22 slug. The trial judge included in his instruction to the jury a charge concerning the testimony of expert witnesses. Appellant was convicted of possession of a firearm by a convicted felon, attempted escape, and criminal trespass.

Appellant raises two enumerations of error. He contends that it was error for the trial court to charge the jury, over appellant's objection, as to expert witnesses and expert testimony. Appellant also contends that the trial court erred in denying his motion for a directed verdict on the charge of attempted escape.

1. In appellant's first enumeration of error, counsel urges that the police sergeant did not qualify as an expert witness and that the

court's charge concerning expert testimony caused the jury to give more weight to his testimony than it warranted.

For many years, the law concerning this issue has been solid and consistent. "Generally, nothing more is required to qualify an expert than that he has been educated in a particular trade or profession. This special knowledge may be derived from experience as well as study. [Cits.]" *Martin v. Newton,* 129 Ga. App. 735, 736 (201 SE2d 31). See also *Redd v. State,* 240 Ga. 753 (2) (243 SE2d 16).

The sergeant testified that he had been exposed to firearms since early childhood and had gained further knowledge through his police training. His knowledge concerning the pressure required to detonate a .22 bullet had been obtained from studying various magazines and books. The sergeant qualified as an expert under the language of *Martin,* supra.

"Whether or not a witness is allowed to testify as an expert is a question for the sound discretion of the trial court and such discretion, unless abused, will not be disturbed." *Hogan v. Olivera,* 141 Ga. App. 399, 401 (233 SE2d 428). See also *Redd v. State,* supra. Upon objection to the charge, the trial judge ruled that the police officer qualified as an expert witness. We find no abuse of discretion by the trial court. Therefore, appellant's first enumeration of error is without merit.

2. Appellant's second enumeration of error concerns his conviction of attempted escape. "A person commits criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." Code Ann. § 26-1001.

Appellant contends that the mere fact he had a weapon in jail was not a substantial step toward the commission of the crime of attempted escape. However, the evidence goes somewhat further. The appellant *knew* that he was about to be transported out of the prison. Also, he *did* make a move toward the pocket where the "zip gun" was afterward found.

It is not error to refuse to grant a directed verdict for acquittal where there is *any* evidence to support the conviction. *Bethay v. State,* 235 Ga. 371 (219 SE2d 743). Although admittedly not conclusive, this evidence is enough to survive a motion for directed verdict. It should be up to the jury to decide the substantiality of the step taken by the appellant, and the jury in the case at bar has done just that.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED SEPTEMBER 18, 1981.

*Robert A Kunz, Michael R. Hauptman,* for appellant.
*William A. Foster III, District Attorney, Frank C. Winn, Barbara V. Tinsley, Assistant District Attorneys,* for appellee.