A90A2044. JONES v. THE STATE.
(401 SE2d 322)

McMURRAY, Presiding Judge.

Defendant was convicted of several counts of burglary of the dwelling houses of Helen Camesas (Count 1), Roy Register (Count 2), Gary and Nancy Beasley (Count 4), Jay Giddens (Count 5), Byron Ahrens (Count 6) and Tammy C. Watson (Count 7). The evidence adduced at a jury trial disclosed the following:

During May and June of 1989, there were over 20 unsolved resi-

dential burglaries within a small geographical area of downtown Milledgeville, Georgia. The majority of the crimes involved forced entry through "pried windows" and the theft of easily movable objects. The victims named in the several counts were all subjects of this rash of crimes.

On the morning of May 7, 1989, Helen J. Camesas awoke and discovered a bathroom window of her downtown Milledgeville apartment forced open. She also discovered small household items and jewelry missing.

On May 10, 1989, Bennie Roy Register returned to his downtown Milledgeville house and discovered his bedroom window "pried" open and items of jewelry missing.

On May 29, 1989, David Glen Beasley returned to his downtown Milledgeville apartment and discovered the dining room window "pried" open. Beasley also discovered several items of jewelry and a camera missing. Officers uncovered fingerprints on the screen of the "pried" window.

On June 4, 1989, Byron Ahrens returned to his downtown Milledgeville house and discovered a "back window in the bedroom . . . ajar." He also found his "VCR" out-of-place, "in a plastic garbage bag, sitting in the floor of the living room." Mr. Ahrens then "noticed that there was [an unfamiliar] red bicycle in the middle of the driveway." The police discovered fingerprints on the bicycle and the "VCR."

On the morning of June 6, 1989, Tammy Carol Watson awoke at a downtown Milledgeville sorority house and discovered several items of jewelry missing from her room. Other residents of the sorority house discovered that they had also been the victims of theft. It was later observed that "[s]omeone had pried . . . open" a window of the sorority house breakfast room.

During the weekend of June 7, 1989, Jay Giddens returned to his downtown Milledgeville home and discovered "pry marks all over . . ." two exterior windows. The kitchen window was "open and some things spilled out of the window sill where someone had been." Law enforcement officers found fingerprints on a pried window, located inside a screened-in porch.

On April 10, 1989, defendant was observed by a Milledgeville police officer riding a red bicycle. The bicycle defendant had been seen riding was identical to the bicycle found abandoned at the scene of the Ahrens burglary. Defendant's fingerprints matched the fingerprints found on the abandoned bicycle. Defendant's fingerprints also matched the fingerprints found at the Ahrens home, the Beasley home and the Giddens home. A search warrant was obtained for defendant's residence and items taken during the Camesas burglary, the Register burglary and the Watson burglary were found in defendant's

bedroom. This appeal followed the denial of defendant's motion for new trial. *Held*:

1. In his first and fourth enumerations, defendant challenges the sufficiency of the evidence, arguing that the only evidence linking him to the Camesas burglary (Count 1), the Register burglary (Count 2) and the Watson burglary (Count 7) was testimony that items taken during these burglaries were found in defendant's bedroom. More specifically, defendant contends that the State's evidence is insufficient to prove that he was in actual possession of the stolen goods and insufficient to overcome testimony that others had equal access to his bedroom.

" 'Whether the evidence of equal access was sufficient to rebut the presumption of possession arising from the discovery of [stolen items] in [defendant's] bedroom . . . was a question properly left to the jury.' *Kelly v. State*, 184 Ga. App. 337, 340 (361 SE2d 659) (1987)." *Rush v. State*, 188 Ga. App. 520 (1), 521 (373 SE2d 377). The testimony that stolen goods from the Camesas, Register and Watson homes were found in defendant's bedroom and the evidence showing that defendant was the perpetrator of three other similar and contemporaneous burglaries in the downtown Milledgeville area, the Beasley burglary, the Giddens burglary and the Ahrens burglary, was sufficient to sustain the jury's finding that defendant was guilty, beyond a reasonable doubt, of committing the Camesas burglary (Count 1), the Register burglary (Count 2) and the Watson burglary (Count 7). *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). The trial court did not err in denying defendant's motions for directed verdict and for a new trial. See *Collins v. State*, 176 Ga. App. 634, 635 (1) (337 SE2d 415).

2. Next, defendant enumerates error on the admission of State's Exhibits 1, 2 and 3, items found in defendant's bedroom and allegedly taken during the Camesas burglary and the Register burglary. Defendant contends that these items were never properly "authenticated," i.e., identified as items actually taken during the burglaries.

"[A]n object which is to be introduced as real evidence must be identified, and this should be done before it is offered. The trial judge's function is to determine whether there is sufficient evidence of this connection for the object to go to the jury." (Notes omitted.) Green, Ga. Law of Evidence (3d ed.), § 88, p. 171.

In the case sub judice, Bennie Roy Register testified and identified State's Exhibit 1 as his "Lorus" watch. Mr. Register stated that he recognized the watch because he is familiar with the "broke" band and the missing "pin." This identification testimony was sufficient to authorize a finding that State's Exhibit 1 belonged to Mr. Register. Consequently, the trial court did not err in allowing the jury to pass on the authenticity of State's Exhibit 1 as an item taken during the

burglary of the Register home. See *Dill v. State,* 106 Ga. 683, 686 (3) (32 SE 660).

Helen J. Camesas testified and identified State's Exhibit 2 as a photograph of her "silver bracelet" and "two silver chains." She then identified State's Exhibit 3 as her silver bracelet. She supported her identification testimony, giving the lengths of the stolen chains and pointing to the unique design of the bracelet identified as State's Exhibit 3. This evidence was sufficient to sustain the trial court's decision to allow the jury to determine the authenticity of State's Exhibits 2 and 3. See *Yawn v. State,* 94 Ga. App. 400, 401 (1) (94 SE2d 769). This enumeration is without merit.

3. In his third enumeration, defendant contends the trial court erred in accepting three law enforcement officers as expert fingerprint analysts. Defendant contends that "none of the detectives demonstrated sufficient training to be qualified as experts."

" 'Generally, nothing more is required to qualify an expert than that he has been educated in a particular trade or profession. This special knowledge may be derived from experience as well as study. (Cits.)' *Martin v. Newton,* 129 Ga. App. 735, 736 (201 SE2d 31). See also *Redd v. State,* 240 Ga. 753 (2) (243 SE2d 16). . . . 'Whether or not a witness is allowed to testify as an expert is a question for the sound discretion of the trial court and such discretion, unless abused, will not be disturbed.' *Hogan v. Olivera,* 141 Ga. App. 399, 401 (233 SE2d 428). See also *Redd v. State,* supra." *Morris v. State,* 159 Ga. App. 600 (1), 601 (284 SE2d 103).

In the case sub judice, the three law enforcement officers defendant contends were unqualified as experts in the field of fingerprint analysis testified that they had extensive experience in "lifting," identifying and comparing fingerprints. Two of the officers testified that they had advanced training in fingerprint analysis. This testimony authorized the trial court's recognition and acceptance of the officers as experts in the field of fingerprint comparison and analysis. There was therefore no abuse of discretion in allowing the officers to testify as expert fingerprint analysts. This enumeration is without merit.

*Judgment affirmed. Sognier, C. J., and Carley, J., concur.*

DECIDED JANUARY 9, 1991.

*Waddell, Emerson, George & Buice, E. Angela Emerson,* for appellant.

*Joseph H. Briley, District Attorney, Al C. Martinez, Assistant District Attorney,* for appellee.