A05A0826. CRANFORD v. THE STATE.
(621 SE2d 470)

RUFFIN, Chief Judge.

Following a bench trial, the court found Carey Cranford guilty of aggravated assault, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. On appeal, Cranford contends that the court erred in admitting certain evidence and in qualifying a witness as an expert. Cranford further contends that the trial judge erred in failing to recuse himself. For reasons that follow, we affirm.

Viewed in a light most favorable to the verdict, the evidence shows that on August 18, 2002, Cranford and his wife, Diana, were riding in a car together when they began to argue about his drinking.

---

Later that evening, Ms. Cranford woke to find her husband drunk and very upset. He began to load a shotgun while telling Ms. Cranford that he would "give [her] a reason to call the police." Ms. Cranford fled the house in her bedclothes and drove away. As she was driving away, Cranford shot at her vehicle, shattering the driver's side window and damaging the door.

Ms. Cranford called the police, and she met the responding officer, Deputy Shea Bunch, at a nearby truck stop. After Ms. Cranford told Bunch what had happened, Bunch called for backup and went to Cranford's home. Cranford was sitting in a screened-in porch when the police arrived. When the police called for him to "come out," Cranford stood up, picked up a shotgun, said "fuck you" to the officers, and went inside the house. The police requested additional backup, and the sheriff arrived with Cranford's father. Upon arrival, Cranford's father went into the house, emerged with Cranford, and informed the police that the shotgun was just inside the door. The police sent Cranford's brother, who arrived shortly after his father, to retrieve the shotgun and took Cranford into custody.

1. Cranford contends that the trial court erred in admitting certain evidence. He specifically challenges the trial court's decision to allow Bunch to recount the conversation he had with Ms. Cranford after she called the police. Cranford further challenges the admission into evidence of the shotgun, which he alleges was obtained by the police through an illegal search and seizure.

(a) At trial, Ms. Cranford refused to testify, invoking her marital privilege.[1] Thus, under the res gestae and necessity exceptions to hearsay, the court allowed Bunch to testify as to what Ms. Cranford told him at the truck stop. Citing *Crawford v. Washington*,[2] Cranford asserts that this violated his right to confront witnesses as guaranteed by the Sixth Amendment of the United States Constitution. At trial, however, Cranford did not raise this constitutional argument. Rather, the only argument he raised was that the proffered testimony did not fall under the necessity exception to the hearsay rule. Accordingly, Cranford's Sixth Amendment argument has not been preserved for appellate review.[3]

(b) Cranford also challenges the admission into evidence of the shotgun police asked his brother to retrieve from his house. Cranford alleges that this was an illegal search and seizure which violated his Fourth Amendment rights. However, Cranford did not raise this issue until trial, and then did so only with an oral objection. Georgia

---

[1] See OCGA § 24-9-23 (a).

[2] 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004).

[3] See *Dyer v. State*, 257 Ga. App. 267, 268 (2) (570 SE2d 692) (2002).

courts have held that, under OCGA § 17-5-30 and Uniform Superior Court Rule 31.1, motions to suppress evidence from an allegedly illegal search and seizure must be filed, in writing, before arraignment.[4] "By failing to file a written motion to suppress, [Cranford] waived any objection to the evidence on the ground that it was obtained by an illegal search and seizure."[5] Cranford has thus failed to preserve this objection for appeal as well.[6]

2. Cranford further contends that the trial court erred in qualifying Sergeant Mike Hobbs as an expert witness. Hobbs was permitted to testify that the pattern of damage on the vehicle Ms. Cranford was driving appeared to have been caused by a shotgun. "Generally, nothing more is required to qualify an expert than that he has been educated in a particular trade or profession. This special knowledge may be derived from experience as well as study."[7] The State established that Hobbs was a certified firearms instructor familiar with the use of shotguns and the pattern of damage they cause. Hobbs further testified that he was familiar with the specific type of ammunition used. Based upon this training and experience, the trial court qualified Hobbs as an expert witness. "Whether or not a witness is allowed to testify as an expert is a question for the sound discretion of the trial court and such discretion, unless abused, will not be disturbed" on appeal.[8] We find no abuse of discretion by the trial court in qualifying Hobbs as an expert witness in this matter, and this claim of error thus lacks merit.[9]

3. At the end of the hearing regarding Cranford's motion to modify his sentence, the trial court made the following comment to Ms. Cranford: "I remember right after it happened and you were one terrified young lady. You got a [temporary protective order], didn't you? I mean it was a bad situation at the time. It could have been disastrous. It's just really by the grace of God that you weren't killed in this incident." Cranford contends that this statement is evidence of potential contact by the trial court with Ms. Cranford outside of the trial court's judicial duties and that such contact may have affected the trial court's impartiality. Cranford thus argues that the case should be remanded for further inquiry as to whether the judge should have recused himself. We note, at the outset, that Cranford never sought recusal below, orally or in writing. Thus, we question

---

[4] See *Copeland v. State*, 272 Ga. 816, 817 (2) (537 SE2d 78) (2000).

[5] *Horton v. State*, 269 Ga. App. 407, 409 (1) (604 SE2d 273) (2004).

[6] See id.

[7] (Punctuation omitted.) *Jones v. State*, 198 Ga. App. 303, 306 (3) (401 SE2d 322) (1991).

[8] (Punctuation omitted.) *Kirby v. State*, 174 Ga. App. 58, 62 (8) (329 SE2d 228) (1985).

[9] See *Morris v. State*, 159 Ga. App. 600, 600-601 (1) (284 SE2d 103) (1981); *Kirby*, supra.

whether this argument was properly preserved for appeal.[10] Assuming that the argument was preserved — or to the extent that Cranford asserts the trial court was required to act sua sponte — we find remand unnecessary.

Under the Georgia Code of Judicial Conduct, a judge should disqualify himself whenever his impartiality in a proceeding might reasonably be questioned, including when the judge has "personal knowledge[ ] of disputed evidentiary facts concerning the proceeding."[11] In order to warrant recusal, "[t]he alleged bias must stem from an extra-judicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."[12]

Here, careful reading of the transcript reveals that there is no reason to suspect that the trial court was influenced by any extra-judicial knowledge, as every matter referenced by the trial court in his comment at the hearing was established during trial.[13] Bunch testified that Ms. Cranford was upset when he spoke to her just after the incident, that she had been crying, and that she had come to the truck stop to meet him in her bedclothes. It is certainly reasonable for the trial court to conclude from this that she was "terrified . . . after it happened." Cranford also mentioned the temporary protective order during his redirect examination and the trial court, evidently unaware of the order, questioned Ms. Cranford about it before sentencing. Finally, Hobbs testified that the shotgun and shells police recovered were capable of deadly injury, which was sufficient evidence for the court to conclude that Ms. Cranford was lucky that she was not killed. As all the matters referenced by the trial court were before him at trial, Cranford has shown no evidence that the trial court may have had any personal, extra-judicial knowledge that affected his impartiality. This enumeration of error is therefore without merit.[14]

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

---

[10] See generally *Pardo v. State*, 215 Ga. App. 317, 320 (9) (450 SE2d 440) (1994) (oral motion to recuse sufficient to preserve argument).

[11] Code of Judicial Conduct Canon 3 E (1) (a).

[12] (Punctuation omitted.) *Gillis v. City of Waycross*, 247 Ga. App. 119, 120 (543 SE2d 423) (2000).

[13] See *Phillips v. State*, 275 Ga. 595, 599-600 (8) (571 SE2d 361) (2002).

[14] See id.; *Gibson v. Decatur Fed. Sav. &c. Assn.*, 235 Ga. App. 160, 166 (3) (508 SE2d 788) (1998).

478

DECIDED AUGUST 24, 2005 —
RECONSIDERATION DENIED SEPTEMBER 13, 2005 — 

*William J. Sussman*, for appellant.

*Dennis C. Sanders, District Attorney, Durwood R. Davis, Assistant District Attorney*, for appellee.