A06A0670. ATTAWAY v. THE STATE.
(632 SE2d 397)

JOHNSON, Presiding Judge.

A grand jury indicted Alvin Attaway for child molestation and sexual battery against a child, charging that he placed his hand on the vaginal area of a minor. Attaway pled not guilty to the charges. The case proceeded to a trial before a jury.

At trial, the state presented evidence showing that on January 9, 2004, a six-year-old girl who is related to Attaway, visited him and his wife at their house. While sitting on Attaway's lap in the living room, Attaway rubbed the girl's vaginal area with his hand. The girl later told a teacher, her mother and a psychologist about the incident. The girl's 13-year-old sister testified that she had seen Attaway touch the

---

[9] OCGA § 16-4-1.
[10] *Adams v. State*, 178 Ga. App. 261, 263 (2) (b) (342 SE2d 747) (1986).

girl's vaginal area a number of times. The state also introduced Attaway's prior conviction for soliciting sodomy from a young girl as a similar transaction.

The jury found Attaway guilty of both child molestation and sexual battery against a child. The trial court merged the sexual battery offense into the child molestation offense, and sentenced Attaway to serve ten years in confinement, followed by ten years on probation. Attaway appeals.

1. Attaway contends that the trial court erred in qualifying a state witness, Dr. Julie Battle, as an expert in psychology and forensic interviewing. The claim is without merit.

"Generally, nothing more is required to qualify an expert than that [she] has been educated in a particular trade or profession. This special knowledge may be derived from experience as well as study."[1] In the instant case, Dr. Battle testified that she is an assistant professor of psychology at Brenau University. She has a doctorate in clinical psychology and is licensed as a psychologist in Georgia. She has received specialized training in forensic interviewing, and over five years has conducted approximately 350 forensic interviews of children alleging sexual abuse. On 12 to 15 prior occasions, Battle has been qualified by courts to testify as an expert in psychology and forensic interviewing.

"Whether or not a witness is allowed to testify as an expert is a question for the sound discretion of the trial court and such discretion, unless abused, will not be disturbed on appeal."[2] Given Battle's training and experience, we find no abuse of discretion in, and shall not disturb, the trial court's decision to qualify her as an expert in psychology and forensic interviewing.[3]

2. Attaway argues that the trial court erred in allowing Dr. Battle to testify about whether the child's verbal and nonverbal behaviors were consistent during the forensic interview. The trial transcript, however, reveals that this argument was not preserved for appellate review. While Attaway did object to the expert witness testifying about whether the child's behavior was consistent with sexual abuse — an objection which the trial court sustained — he never objected to the trial court's ruling that the witness could discuss verbal and nonverbal consistencies during the forensic interview. Indeed, both during and after a lengthy hearing outside the presence of the jury, Attaway's attorney clearly acquiesced in the ruling, stating that he

---

[1] (Citation and punctuation omitted.) *Cranford v. State*, 275 Ga. App. 474, 476 (2) (621 SE2d 470) (2005).

[2] (Citation and punctuation omitted.) Id.

[3] See *Siharath v. State*, 246 Ga. App. 736, 737-738 (1) (541 SE2d 71) (2000) (no abuse of discretion in court qualifying witness as an expert in forensic evaluation).

embraced the court's position and that he would not object to it. "A defendant cannot acquiesce in a trial court's ruling below and then complain about that ruling on appeal."[4]

Attaway further complains that the trial court erred in permitting Dr. Battle to testify about so-called "good touch/bad touch" presentations to children because she has no knowledge of such presentations. On the contrary, Dr. Battle testified that she is familiar with such presentations and that a typical presentation is made by a school counselor who explains to children the body parts that other people generally should not touch. Given Dr. Battle's expertise and experience in the field of forensic interviewing of child sexual abuse victims, we find no abuse of discretion in the trial court allowing such testimony.[5] Moreover, even if error occurred, it was harmless since Dr. Battle's testimony was essentially cumulative of relevant testimony previously given by the victim and one of her teachers about a good touch/bad touch class attended by the victim herself.[6]

3. Attaway claims that the trial court should not have admitted his prior conviction for solicitation of sodomy as a similar transaction because it is not sufficiently similar to the current offense of child molestation. We disagree.

The record shows that in that prior case, Attaway was charged with child molestation in that he placed his hand on the legs of a girl who was under the age of 14, and asked her to perform oral sex on him. A jury found Attaway not guilty of child molestation, but guilty of the lesser offense of solicitation of sodomy. At the trial in the instant case, the victim of that prior offense testified that Attaway was a family friend who had come to her family's house one night in 1992 when she was ten or eleven years old. She had fallen asleep on a couch, but was awakened when Attaway picked her up, carried her into her bedroom and placed her on her bed. He put his hands on her leg, touched her "privates" and asked her to perform oral sex on him.

> It is well established that similar transactions need not be identical to be admitted, and in cases involving sexual offenses, that rule is to be liberally construed. Absent an abuse of discretion, we will not disturb a trial court's determination that similar transaction evidence is admissible. And the sexual abuse of young children, regardless of the sex of the victims or the nomenclature or type of acts or other

---

[4] (Citation and punctuation omitted.) *Lummus v. State*, 274 Ga. App. 636, 637 (1) (618 SE2d 692) (2005).

[5] See *Weeks v. State*, 270 Ga. App. 889, 893 (2) (608 SE2d 259) (2004).

[6] See *Foster v. State*, 272 Ga. 69, 71-72 (6) (525 SE2d 78) (2000).

conduct perpetrated upon them, is of sufficient similarity to make the evidence admissible.[7]

The victims of the current child molestation and Attaway's prior offense were both young girls whom Attaway knew. And in both instances, while Attaway was alone with the girls, he placed his hands on their vaginal areas. Despite Attaway's claims to the contrary, we find that the incidents are similar and the trial court did not abuse its discretion in admitting evidence of the prior offense as a similar transaction.[8]

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED MAY 12, 2006 —
RECONSIDERATION DISMISSED JUNE 14, 2006.

*Daniel J. Sammons*, for appellant.
*Lee Darragh, District Attorney, Kathleen J. Devine, Assistant District Attorney*, for appellee.

---

[7] (Citations and punctuation omitted.) *Joiner v. State*, 265 Ga. App. 395, 397 (2) (593 SE2d 936) (2004).

[8] See *Johns v. State*, 253 Ga. App. 207, 207-208 (1) (558 SE2d 426) (2001).