A93A2485. KEANUM v. THE STATE.
(442 SE2d 790)

COOPER, Judge.

Appellant was convicted of three counts of child molestation and appeals from the judgment of conviction and sentence and the denial of his motion for new trial. The charges involved acts allegedly committed against appellant's nine-year-old stepdaughter.

1. Relying on *Vance v. State*, 262 Ga. 236 (2) (416 SE2d 516)

(1992), appellant contends the trial court erred in instructing the jury that "moral and reasonable certainty is all that can be expected in a legal investigation." Appellant also contends trial counsel's failure to reserve exceptions to the court's charge constituted ineffective assistance of counsel. The record shows that appellant's trial counsel filed a motion for new trial, and then a new attorney, appointed to represent appellant on appeal, filed an amended motion for new trial raising the issue of ineffective assistance of counsel but failing to specifically assert trial counsel's failure to reserve exceptions to the charge as constituting ineffective assistance of counsel. "Any ineffective counsel challenge will be deemed waived if the new attorney files an amended motion for new trial and does not raise the issue before the trial court so that the challenge can be heard at the earliest practicable moment, i.e., during the hearing on the amended motion." *Thompson v. State*, 257 Ga. 386, 388 (2) (359 SE2d 664) (1987). Since this claim was not raised at the hearing on the motions for new trial or in any of the pleadings in the appellate record, it is deemed waived. In addition, inasmuch as there was no objection to the court's charge below, we cannot consider appellant's contention that the charge was erroneous for the first time on appeal. *Craig v. State*, 205 Ga. App. 856 (424 SE2d 902) (1992).

2. Appellant next contends that the trial court erred in allowing Betty Ralph, appellant's ex-wife and the victim's mother, to testify as to her fear of appellant. He further contends that such testimony was evidence of similar transactions, notice of which the State failed to provide.

" 'Admissibility of evidence is a matter which rests largely within the sound discretion of the trial court, and if an item of evidence has a tendency to help establish a fact in issue, that is sufficient to make it relevant and admissible. (Cit.) Evidence of doubtful relevancy or competency should be admitted and its weight left up to the jurors (Cit.)' [Cit.]" *Kirkland v. State*, 206 Ga. App. 27, 30 (8) (424 SE2d 638) (1992). "In order for an alleged error to be grounds for reversal, appellant must show not only error, but also ensuing harm." (Citations and punctuation omitted.) *Goodwin v. State*, 208 Ga. App. 707, 709 (2) (431 SE2d 473) (1993). Appellant argues that since Ms. Ralph was not the victim, evidence of her state of mind was not relevant and was introduced only to prejudice the jury. The State contends and the record demonstrates that such testimony was introduced to corroborate the victim's fear of appellant during the period in which the acts of molestation occurred and to explain why the victim was not able to make an outcry for her mother. Therefore, we do not find error in the admission of the testimony, especially in view of the overwhelming evidence of appellant's guilt which is uncontested on appeal. Id. Furthermore, Ms. Ralph's testimony regarding her fear of appellant was

not evidence of similar transactions as provided in OCGA § 24-9-20. Accordingly, this enumeration is without merit.

3. Finally, appellant contends trial counsel did not "accurately represent" him because counsel failed to call a witness who would have provided a motive for the victim to falsely accuse appellant. At the hearing on the motion for new trial, appellant proffered the testimony of Tammy Keanum, appellant's daughter, who stated that she had lied five years earlier about appellant molesting her to avoid punishment for running away from home. Tammy testified that she discussed the incident with the victim. Appellant testified that he told defense counsel about Tammy and the nature of her testimony.

"The defendant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct. The determination as to which defense witnesses will be called is a matter of trial strategy and tactics." (Citations and punctuation omitted.) *Ponder v. State*, 201 Ga. App. 388, 389 (1) (411 SE2d 119) (1991). "[E]rrors in judgment and tactical errors do not constitute denial of effective assistance of counsel." (Citations and punctuation omitted.) *McCarthy v. State*, 196 Ga. App. 839, 841 (4) (397 SE2d 178) (1990). "A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous. [Cit.]" *Garrett v. State*, 196 Ga. App. 872, 874 (1) (397 SE2d 205) (1990). Trial counsel averred that he made a tactical decision to call only appellant as a witness in order to secure final closing argument for the defense. Counsel stated that he was never informed of a conversation between Tammy and the victim and that even if he had known, he would not have called her to testify because, in his judgment, the testimony was inadmissible and even if the testimony were admitted, it would not have helped appellant. Thus, the trial court's finding that appellant received effective assistance of counsel is not clearly erroneous, and the court did not err in denying appellant's motion for new trial. *Harris v. State*, 198 Ga. App. 503 (1) (402 SE2d 62) (1991), rev'd on other grounds, 261 Ga. 386 (405 SE2d 482) (1991); *York v. State*, 207 Ga. App. 494 (2d) (428 SE2d 113) (1993).

*Judgment affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED. MARCH 7, 1994 —
RECONSIDERATION DENIED MARCH 30, 1994 —

*Moore & Davidson, W. Keith Davidson*, for appellant.
*Daniel J. Porter, District Attorney, Tracy R. Aronovitz, Assis-*

*tant District Attorney*, for appellee.