A96A0280. BRADFORD v. THE STATE.
(471 SE2d 248)

RUFFIN, Judge.

Richard Bradford was convicted of theft by taking. He appeals the judgment of conviction and the denial of his motion for new trial with nine enumerations of error. For reasons which follow, we affirm.

1. Bradford first contends the evidence was insufficient to find him guilty beyond a reasonable doubt. We disagree.

Construed most favorably to uphold the verdict, the evidence shows that the victim placed an advertisement to sell her Chevrolet Blazer. A man named "Chris" contacted her to look at the vehicle. While Chris claimed he was calling from Douglasville, her call return service revealed that the call originated from Buford. Some time later, a man named Chris Stevens arrived at the victim's business and asked to test drive the truck. The individual was gone for approximately 30 minutes. Later the same day, the victim noticed her truck was missing from the parking lot. A co-worker of the victim testified he saw someone with facial hair drive away in the victim's truck.

The victim traced the telephone call she received from "Chris" and drove by that address after the theft of her truck. The victim saw her vehicle parked at this address and contacted police. A detective went to this address and found the victim's vehicle with the wrong tag on it. Bradford's parents lived at the address, and Bradford carried out his construction and renovation business there. The tag on the vehicle was registered to another vehicle, and the tag receipt was for a Mr. Charles Bradford of Gainesville, Georgia. The ignition on the vehicle did not appear to have been tampered with.

The victim identified Bradford as the man who test drove her truck. Bradford's father testified he owned an automobile similar to the one the victim said Bradford drove to her business the day Bradford test drove the truck and the day the truck was stolen. Bradford's parole officer testified that Bradford called him after warrants were issued in the present case. When asked by the parole officer about the warrants, Bradford admitted the warrants were for the stolen truck and credit cards he had. He told the parole officer he only used the credit card once. Regarding the truck, Bradford stated, "someone must have seen me take it."

Bradford's father testified that his son had been driving the Chevrolet Blazer for a few days and that a friend at work obtained the truck for him. Bradford testified that he obtained the truck from Chris Davis, one of his employees. According to Bradford, Chris Davis had a full beard. Bradford also testified it was common for employees to leave their vehicles overnight at his parent's home and that employees were allowed to make phone calls from his parent's house.

While Bradford contends that no rational trier of fact could find him guilty beyond a reasonable doubt of theft by taking based on the evidence, we find no merit in this argument. "An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses. [Cits.]" *Miller v. State*, 208 Ga. App. 547 (1) (430 SE2d 873) (1993). The foregoing evidence, construed in a light most favorable to

the State, was sufficient to authorize a rational trier of fact to find Bradford guilty beyond a reasonable doubt of theft by taking. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his second enumeration of error, Bradford contends the trial court erred in allowing the prosecution to interject evidence of his character into the trial. Specifically, Bradford argues that although he did not object to the admission of his statements to his parole officer, the prosecution should not have been permitted to identify Mr. Hillyer as Bradford's parole officer. According to Bradford, allowing the prosecution to refer to Mr. Hillyer as his parole officer impermissibly placed his character into evidence because the jury could then surmise he had a prior criminal record. We disagree.

As a general rule, admission of evidence is a matter resting within the sound discretion of the trial court, and appellate courts will not disturb the exercise of that discretion absent evidence of its abuse. *Whisnant v. State*, 178 Ga. App. 742 (1) (344 SE2d 536) (1986). Further, "[m]aterial evidence is not rendered inadmissible merely because it incidentally places a defendant's character in issue. [Cits.]" *Greer v. State*, 199 Ga. App. 106, 107 (1) (403 SE2d 825) (1991). In *Bragg v. State*, 162 Ga. App. 264, 267 (3) (291 SE2d 112) (1982), the Court ruled that "[a]lthough the evidence as to the identity of the occupation of the parole officer and the testimony he gave would put the defendant's character in issue, such evidence being otherwise relevant and material to the issues in the case sub judice it does not become inadmissible simply because it has this effect. [Cits.]" In the present case, Bradford called his parole officer at home after warrants for Bradford's arrest were issued. In the course of his conversation with his parole officer, Bradford acknowledged that he stole the truck. Based on the foregoing, this Court will not disturb the trial court's ruling that Bradford's comments to the parole officer were relevant to the issues at hand.

3. Bradford further contends the trial court erred in overruling his motion for new trial based upon ineffective assistance of counsel. Bradford argues his counsel was ineffective for failing to (a) call as a witness Chris Davis, an employee and a former cell mate of Bradford, (b) meet with Bradford long enough or often enough, (c) adequately investigate the facts and law of the case, (d) prepare for the hearing on the motion in limine regarding the testimony of Bradford's parole officer, and (e) move for a mistrial based on prosecutorial misconduct. After a hearing in which trial counsel testified, the court determined that trial counsel was effective. We agree.

"In order to establish ineffectiveness of trial counsel under *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984), appellant must show both that counsel's performance was deficient and that the deficient performance prejudiced the

defense. Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable." (Citations and punctuation omitted.) *Stephens v. State*, 265 Ga. 120, 121 (2) (453 SE2d 443) (1995). In addition, the trial court's determination that a defendant has not been denied effective assistance of trial counsel will be affirmed on appeal unless that determination is clearly erroneous. *Jones v. State*, 217 Ga. App. 722 (2) (458 SE2d 894) (1995).

At the outset, we note that trial counsel secured an acquittal of the financial transaction card theft charge, with Bradford's sole conviction being for the crime of theft by taking. This circumstance strongly supports the conclusion that the assistance actually rendered by Bradford's trial counsel fell within that broad range of reasonably effective assistance which members of the bar in good standing are presumed to render. See *Bishop v. State*, 155 Ga. App. 611, 613-614 (2) (271 SE2d 743) (1980). Moreover, the following facts demonstrate that Bradford failed to establish a claim for ineffective assistance of counsel.

(a) Trial counsel's failure to call Chris Davis as a witness cannot provide the basis for an ineffective assistance of counsel claim. At the hearing on the motion for new trial, trial counsel testified that he decided not to call Chris Davis as a witness because he believed the testimony of Bradford's former cell mate in prison would be highly damaging, unfavorable and not credible. As this testimony makes clear, trial counsel made a tactical decision based upon sound reasoning. The decision as to which defense witnesses will be called is a matter of trial strategy and tactics, and tactical errors do not constitute ineffective assistance of counsel. *Keanum v. State*, 212 Ga. App. 662 (3) (442 SE2d 790) (1994). "The fact that appellant and his present counsel now disagree with the difficult decisions regarding trial tactics and strategy made by trial counsel does not require a finding that appellant received representation amounting to ineffective assistance of counsel. [Cit.]" *Stewart v. State*, 263 Ga. 843, 847 (6) (440 SE2d 452) (1994). In addition, Bradford has failed to demonstrate a reasonable probability that, but for trial counsel's failure to call Chris Davis as a witness, the trial's result would have been different.

(b) The record fails to support Bradford's claim that trial counsel was ineffective because he did not meet with Bradford long or often enough. Trial counsel testified he met with Bradford and his parents numerous times. In any event, the amount of time trial counsel spent with Bradford is not determinative of whether counsel rendered ineffective assistance. *Easter v. Estelle*, 609 F2d 756, 759 (5th Cir. 1980). As previously noted, the record shows that trial counsel obtained an acquittal on the charge of financial transaction card theft. The record

further shows that trial counsel met a number of times with Bradford and his parents. We fail to see a reasonable probability that the alleged deficiency had any effect on the outcome of the trial. Even if Bradford's representation was less than desirable, Bradford has failed to satisfy his burden of affirmatively showing by the record the *Strickland* criteria for ineffectiveness. *Jacobson v. State*, 201 Ga. App. 749, 752-754 (5) (d) (412 SE2d 859) (1991).

(c) Bradford's assertion that his trial counsel failed to investigate the case is not supported by the record. Considering the totality of the representation provided by trial counsel, including the fact that he obtained an acquittal on the financial transaction card theft charge, we find nothing, and Bradford has pointed to nothing, supporting this assertion. See *Davis v. State*, 209 Ga. App. 187, 190 (6) (433 SE2d 366) (1993). "Moreover, appellant's counsel on appeal has failed to suggest what additional facts might have been revealed by further investigation or what additional defenses might have become apparent as the result of further research and preparation." (Citations and punctuation omitted.) *Jackson v. State*, 209 Ga. App. 53, 56 (7) (432 SE2d 649) (1993).

(d) Likewise, we find no facts, and Bradford has pointed to no facts, supporting his assertion that trial counsel failed to prepare for the hearing on the motion in limine regarding the testimony of Bradford's parole officer. Thus, we find no merit in this contention.

(e) The record shows that the prosecution asked Bradford a number of questions regarding the whereabouts of a truck Bradford owned. Bradford responded that the truck was in a warehouse because he was "incarcerated over this charge." Trial counsel did not request a mistrial or object. Bradford failed to demonstrate any prejudice arising from counsel's failure to object or request a mistrial based on this issue. In addition, we cannot conclude that the failure to object or move for a mistrial was not a matter of trial strategy. Trial counsel may have felt that no harm was done to him in the context of the testimony and that it was in his best interest for the trial to go forward without any further mention of the incident to the jury. See *Sutton v. State*, 238 Ga. 336, 338 (232 SE2d 569) (1977). Furthermore, any resulting error from the failure to object or request a mistrial was harmless in light of the other evidence in the case. Id.

4. In his fourth enumeration of error, Bradford alleges the trial court erred when it failed, sua sponte, to declare a mistrial on the grounds of prosecutorial misconduct. Specifically, Bradford claims the court should have declared a mistrial based on the comment stated in Division 3 (e). "A motion for mistrial is within the discretion of the trial court. This court will not interfere with the trial court's exercise of that discretion unless it is clear that a mistrial is essential to the preservation of the right to a fair trial." (Citations omitted.)

*Dowdy v. State*, 209 Ga. App. 95 (1), 96 (432 SE2d 827) (1993). We are unable to conclude that the trial court abused its discretion in failing, sua sponte, to declare a mistrial based on the line of questioning asked by the prosecutor. Bradford's comments were not responsive, and Bradford was not obligated from the questions to inform the jury that he was incarcerated. In fact, a bench conference was held during this line of questioning, and absent a transcript of that bench conference, we are unable to draw any conclusions regarding the ensuing discussion. We will not second-guess the trial judge's decision to allow the questioning to continue.

5. In his fifth enumeration of error, Bradford contends the trial court erred in failing to give defense Request to Charge No. 4, a restatement of OCGA § 16-3-5. However, the record clearly shows that Bradford withdrew this specific charge. Moreover, after the court charged the jury, the trial judge asked Bradford if he had any exceptions and Bradford's counsel responded "[n]ot from the Defense, Judge." As there was no objection made at trial, we are unable to review this allegation on appeal. *Pardo v. State*, 215 Ga. App. 317 (3) (450 SE2d 440) (1994).

6. Bradford also contends the trial court's instruction regarding knowledge of whether the items were stolen was so confusing and poorly stated that Bradford was deprived of the opportunity to have the jury rationally consider the lesser included charge of theft by receiving stolen property. Once again, trial counsel failed to object to the trial court's charge or take any exception at the conclusion of the given charge, thus waiving his right to object on appeal. See *Pardo*, supra.

7. Bradford next claims the trial court tainted the entire jury array when it commented to them that the case "should be very straightforward . . . once we get the trial underway." The record demonstrates that this comment was purely ministerial and not an expression of opinion regarding facts that had or had not been proven in the case. See OCGA § 17-8-57. Furthermore, no objection was asserted when this purportedly harmful comment was uttered. Consequently, this contention provides no basis for review. *Whitt v. State*, 215 Ga. App. 704 (5) (452 SE2d 125) (1994).

8. In his eighth enumeration of error, Bradford states the trial court erred when it pressured the jury into reaching a quick verdict by warning them that another jury was reporting at 1:30. We find this enumeration to be without merit.

A review of the record shows that after the jury was charged, the trial court commented as follows: "Jury members, for your information, we do have another jury reporting in at 1:30. I do have another case to start, so there may be some delay in getting back with you so bear with me, jury members, if you would, please." We cannot con-

clude that this comment put any pressure on the jury to reach a quick verdict. The trial court was merely anticipating possible questions and requesting the jury's patience.

9. In his final enumeration of error, Bradford alleges the trial court erred in overruling his motion for new trial on the basis that the indictment as returned contained a fatal variance between the allegations and proof. Specifically, Bradford claims the indictment alleged the theft by taking on a date four days after the actual theft. A variance concerning time is not fatal unless time is an essential element of the offense. *Moore v. State*, 207 Ga. App. 892 (1) (429 SE2d 335) (1993). Here, Bradford was clearly informed through discovery and at trial that the actual theft alleged against him occurred on April 12, 1993, and not April 16, 1993. However, Bradford made no request for a continuance, and he did not claim an alibi defense might have been available to him based on the differing dates until his motion for new trial. Based on the foregoing, we do not believe the variance hindered Bradford's ability to present his defense. See *Battles v. State*, 262 Ga. 415 (5) (420 SE2d 303) (1992). Accordingly, we affirm the trial court's decision regarding Bradford's motion for new trial on this ground.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED MAY 2, 1996.

*John H. Tarpley, Guy J. Notte*, for appellant.
*Daniel J. Porter, District Attorney, Todd C. Mohr, Assistant District Attorney*, for appellee.