### A96A2432. BOONE v. THE STATE.
(481 SE2d 569)

JOHNSON, Judge.

A jury convicted Derrick Bernard Boone of two counts of armed robbery. On appeal, Boone alleges his trial counsel was ineffective. We disagree and affirm.

We consider ineffectiveness of counsel claims under the two-part test set out in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The first part requires the convicted defendant to show that his trial counsel's representation "fell below an objective standard of reasonableness." Id. at 688. The defendant must "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' [Cit.]" Id. at 689. The second part of the *Strickland* test requires the defendant to show that any deficiency in trial counsel's performance resulted in prejudice to his defense, meaning "a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different." (Citations and punctuation omitted.) *Shelton v. State*, 220 Ga. App. 163, 165 (2) (469 SE2d 298) (1996).

1. Boone alleges ineffectiveness in his trial counsel's failure to call Shirley Christmon as an alibi witness.

At the hearing on the motion for new trial, trial counsel testified that she had several reasons for not calling Christmon. First, when trial counsel had interviewed Christmon, she could establish only that Boone had been with her in Warner Robins at 5:00 a.m. on the day of the robberies, one of which took place at 4:00 a.m. and one at 6:00 a.m. in nearby Macon. Second, Christmon's testimony would have been Boone's only evidence, and trial counsel noted that calling her would have forfeited Boone's right to present first and last closing arguments. See OCGA § 17-8-71. Third, counsel considered Christmon's credibility suspect because she had been taking pain medication at the time of the robberies. Because Boone's counsel had tactical reasons not to call Christmon, this decision does not constitute ineffective assistance. See *Bradford v. State*, 221 Ga. App. 232, 235 (3) (a) (471 SE2d 248) (1996).

2. Boone contends his trial counsel should have challenged the qualifications of a police sergeant and a detective to give expert testimony about fingerprints. The sergeant testified that he had two weeks of formal fingerprint training and eleven years of on-the-job

experience. The detective testified that he had FBI and university training in fingerprints and also had on-the-job experience. Boone has not shown any basis for challenging these qualifications, which were sufficient to allow the officers to testify as fingerprint experts. See *Jones v. State*, 198 Ga. App. 303, 306 (3) (401 SE2d 322) (1991). Boone has therefore failed to show error in or prejudice from his counsel's decision not to raise such a challenge.

3. Boone contends his trial counsel should have obtained expert testimony to refute that of the sergeant and detective. Their testimony explained the lack of Boone's fingerprints at the scenes of both robberies, despite eyewitness testimony and a videotape establishing that the robber touched certain surfaces at the scenes. Boone contends an expert would have testified that it is extremely unlikely the robber could have touched these surfaces and not left legible fingerprints. Boone, however, introduced no evidence at the hearing on the motion for new trial that an expert would have testified as he claims. He therefore has not demonstrated prejudice from his counsel's failure to present expert testimony at trial.

4. Boone claims his trial counsel deprived him of his right to testify in his own behalf by threatening to withdraw from the case if he insisted on testifying.

A criminal defendant has a fundamental right to testify. See *Rock v. Arkansas*, 483 U. S. 44, 49, 52 (107 SC 2704, 97 LE2d 37) (1987). This right may be waived by the defendant personally, but not by defense counsel or the court. *United States v. Teague*, 953 F2d 1525, 1532, 1534-1535 (11th Cir. 1992) (en banc), cert. denied, 506 U. S. 842 (113 SC 127, 121 LE2d 82) (1992). If a convicted defendant wishes to complain that trial counsel improperly prevented him from testifying, a claim of ineffective assistance of counsel is the proper vehicle for doing so. *Teague*, supra at 1534.

At the hearing on the motion for new trial, trial counsel testified she and Boone had discussed his wish to testify many times, often angrily, and that she did ultimately threaten to withdraw from representing Boone if he insisted on testifying. She testified Boone had told her one version of events early in her investigation of the case, then told her something else as trial neared, so she thought he would commit perjury if he took the stand; trial strategy was not a consideration.

At trial, the judge engaged in an on-the-record colloquy with Boone concerning his right and desire to testify. See *Barron v. State*, 264 Ga. 865, 866 (2), n. 2 (452 SE2d 504) (1995). The judge explained to Boone that he had a right to testify, but no obligation to do so, and that the jury could draw no harmful inference from his failure to testify if he chose not to do so. The court then asked Boone whether he understood and whether he wanted to testify. Boone replied that he

did understand and did not wish to testify. Boone also affirmed that he had decided this freely and voluntarily because he thought it was in his best interest. The court made an oral finding at the hearing on the motion for new trial that Boone "understood what his options were" when he waived his right to testify. This factual finding is not clearly erroneous. Because Boone was advised of his right to testify, this was an "intentional relinquishment or abandonment of a known right or privilege," and therefore a valid waiver. (Citation, punctuation and emphasis omitted.) *Teague*, supra at 1533; see id. at 1535. We therefore affirm Boone's conviction. See generally *Chambers v. State*, 266 Ga. 39, 41-42 (3) (463 SE2d 887) (1995).

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 11, 1997.

*William D. Phillips*, for appellant.

*Charles H. Weston, District Attorney, Kimberly S. Schwartz, Thomas J. Matthews, Assistant District Attorneys*, for appellee.