A97A1912. SEWELL v. THE STATE.
(494 SE2d 512)

BEASLEY, Judge.

Convicted of two counts of armed robbery (OCGA § 16-8-41) and two counts of kidnapping with bodily injury (OCGA § 16-5-40), George Sewell appeals on two grounds: ineffective assistance of counsel and double jeopardy. The first issue is whether the actions of trial counsel (failure to pursue motion to suppress eyewitness identification, failure to investigate more thoroughly, failure to put on particular witness) were unreasonable or harmful. The second is whether the aggravated sodomy charged in a previous action is included in

the kidnapping with bodily injury charge in this action.

## Operative Facts

A man used a handgun to rob Tracy Harris and Monica Jones in DeKalb County. He then forced Jones to drive him to Fulton County, where he raped and shot her. He also forced her to place her mouth on his private part and thrust the handgun into hers. She managed to escape and notify police.

Police showed her a photo line-up of six males (not including Sewell), from which she positively stated the perpetrator was not present. Aided by an artist, she developed a computer sketch of him. When Officer Boyden, a police officer in midtown Atlanta, saw the sketch, he immediately recognized it as Sewell, a local resident. Jones was then presented with a second photo line-up of nine males, from which she positively identified Sewell. The other victim, Harris, was presented with six photos of males and identified Sewell with eighty percent certainty. Jones positively identified him at a preliminary hearing, during which he smiled at her as she sat amongst others in the gallery. At trial, both victims positively identified Sewell as the perpetrator.

## Fulton County Trial

Sewell was first tried in Fulton County, where he had been indicted for rape, aggravated sodomy, kidnapping with bodily injury (shooting Jones with a pistol), aggravated sexual battery (forcing a pistol into Jones), and aggravated assault (shooting Jones with a pistol). Prior to impaneling a jury, the State announced it would not proceed on the aggravated sodomy count, noting that the indictment mistakenly alleged Sewell placed his mouth on the victim's penis, when in fact the reverse had occurred. The State specified the count would not be read to the jury and would not go out to the jury. Sewell had no objection. The court did not read the count to the jury.

Following the close of the State's case (essentially showing the facts set forth above), Sewell moved for a directed verdict on the aggravated sodomy and kidnapping counts. Because the victim was seized in DeKalb County, the court dismissed the kidnapping count for lack of venue. See *Kimmel v. State*, 261 Ga. 332, 334 (1) (404 SE2d 436) (1991) ("failure to establish venue does not bar re-trial in a court where venue is proper and proven"); *Schiefelbein v. State*, 258 Ga. 623 (373 SE2d 354) (1988) (no jeopardy attaches to count mistried for lack of venue). The court noted the State had not proceeded on the aggravated sodomy count, which had been stricken. Sewell nevertheless insisted he was entitled to a directed verdict on it because the State had not offered any evidence to support the impossible allega-

tion in the indictment. The State had no objection, and the court entered a directed verdict on the count. In closing argument, Sewell argued he was not charged with aggravated sodomy.

### DeKalb County Trial

Trial ensued in DeKalb County on four charges: Count 1 — armed robbery of Jones; Count 2 — armed robbery of Harris; Count 3 — kidnapping with bodily injury (forcibly placing sex organ in the mouth of Jones); and Count 4 — kidnapping with bodily injury (shooting Jones with a handgun). Prior to trial, Sewell moved to suppress the eyewitness identification as tainted by impermissibly suggestive photo line-ups. His attorney did not pursue it in DeKalb because the Fulton County court denied the same motion. Sewell also moved to bar the prosecution of the kidnapping counts on the ground of double jeopardy due to the Fulton County action. The court refused. Following his conviction on all counts, Sewell sought a new trial, alleging ineffective assistance of counsel. The court conducted an evidentiary hearing and entered a detailed order finding against Sewell on each allegation of ineffectiveness.

1. Ineffective assistance of counsel. " 'Generally, the burden is on the defendant claiming ineffectiveness of counsel to establish (1) his attorney's representation in specified instances fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous. In the absence of testimony to the contrary, counsel's actions are presumed strategic. The decisions on which witnesses to call, whether and how to conduct cross-examinations, what jurors to accept or strike, what trial motions should be made, and all other strategies and tactical decisions are the exclusive province of the lawyer after consultation with the client.' [Cit.]" *Bevil v. State*, 220 Ga. App. 1, 4 (7) (c) (467 SE2d 586) (1996). " 'A conviction will not be reversed on the basis of ineffective assistance of counsel unless counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.' [Cit.]" *Bell v. State*, 226 Ga. App. 271, 274 (7) (486 SE2d 422) (1997).

(a) Sewell first alleges trial counsel was ineffective because he failed to pursue the motion to suppress the eyewitness identification. Counsel need not pursue non-meritorious motions to suppress. See *Edwards v. State*, 224 Ga. App. 332, 334-335 (3) (a) (480 SE2d 246) (1997); *Hearst v. State*, 212 Ga. App. 492, 494-495 (2) (b) (441 SE2d

914) (1994). A defendant "must make a 'strong showing' that the evidence would have been suppressed had a motion to suppress been" pursued. *Roberts v. State*, 263 Ga. 807, 809 (2) (e) (439 SE2d 911) (1994). Having reviewed the photographic array, the trial court found there was no legitimate ground on which to challenge the identification.

Following a lengthy hearing, the Fulton County court had already rejected the same motion. Trial counsel testified he saw no merit in it. The photographic line-up shown to Jones contained photos of males with similar build, hair, and facial features. The record does not contain the other photos shown to Harris. The record does not reflect the line-ups were impermissibly suggestive. Even if the line-ups were suggestive, there was little likelihood of irreparable misidentification because there was independent evidence: (i) Jones was presented with a photo line-up without Sewell and positively told the officer the perpetrator was not there; (ii) Jones created a computer sketch resembling Sewell before seeing the photo line-up with Sewell's picture; (iii) Sewell recognized Jones at the preliminary hearing, and (iv) the victims positively identified Sewell from the line-ups. See *Jefferson v. State*, 206 Ga. App. 544, 546 (2) (425 SE2d 915) (1992).

(b) Sewell complains his trial counsel failed to get a separate DNA analysis of the semen or blood specimens extracted from Jones and instead relied on the findings of the State's lab. As the trial court found, this argument is specious because no bodily fluid was recovered during Jones' examination which belonged to anyone except her. Not only did a public and a private lab confirm there was nothing present, Sewell's medical expert reviewed the hospital records and verified this. Sewell presented no evidence to contradict the lab results. Failure to proffer at the hearing what would have been shown at trial made it impossible for the court to find the trial result would have been any different had counsel obtained an independent analysis. See *Mitchell v. State*, 220 Ga. App. 264, 266 (469 SE2d 707) (1996).

(c) Sewell claims trial counsel should have requested an exploratory examination of his blood to show he did not have the sexually-transmittable disease suffered by Jones. Based on counsel's experience in the Fulton case where this disease of the victim was put in evidence, he testified that any evidence that Sewell did not suffer from the disease would be of very limited value. Counsel discussed with Sewell that this potential evidence was not worth the price of giving up the right to make the final argument to the jury.

Deciding what evidence should be presented "is a matter of trial strategy and tactics, and tactical errors do not constitute ineffective assistance of counsel. [Cit.]" *Bradford v. State*, 221 Ga. App. 232, 235

(3) (a) (471 SE2d 248) (1996). Declining to present evidence (other than the defendant's own testimony) so as to preserve the final word in closing argument is a well-recognized trial tactic. *Williams v. State*, 265 Ga. 681, 682 (1) (461 SE2d 530) (1995); *Boone v. State*, 224 Ga. App. 563 (1) (481 SE2d 569) (1997); *Keanum v. State*, 212 Ga. App. 662, 664 (3) (442 SE2d 790) (1994); *Avans v. State*, 207 Ga. App. 329, 330 (2) (427 SE2d 826) (1993).

(d) With respect to adequate investigation, Sewell introduced no evidence at the hearing as to what further investigation by counsel would have revealed. Absent a proffer, defendant cannot meet his burden of making "an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of his case." *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995).

(e) Last is the failure to call Sewell's mother to testify that Officer Boyden had a grudge against him. The court found this officer's testimony and alleged personal vendetta were collateral to the main issue of identity and that Sewell agreed with counsel not to call his mother so as not to lose the right to concluding argument.

Officer Boyden's only role was his recognition of Sewell from the computer sketch. He had nothing to do with the victims' identification of Sewell either in the line-ups or in the courtroom. Moreover, "[t]he decision as to which defense witnesses will be called is a matter of trial strategy and tactics, and tactical errors do not constitute ineffective assistance of counsel. [Cit.]" *Bradford*, supra, 221 Ga. App. at 235 (3) (a). As stated earlier, efforts to retain the right to first and last closing arguments are well-accepted trial tactics.

2. Denial of the plea in bar on former jeopardy as to Counts 3 and 4. Sewell argues Count 3 (kidnapping with bodily injury by placing sex organ in Jones' mouth) is barred by the directed verdict on the aggravated sodomy count in the Fulton action, and Count 4 (kidnapping with bodily injury by shooting Jones with a handgun) is barred by his conviction for aggravated assault in the Fulton action.

"The United States and Georgia Constitutions proscribe a defendant's being twice placed in jeopardy for the same offense. United States Constitution, Fifth Amendment; Georgia Constitution, Art. I, Sec. I, Par. XVIII. OCGA §§ 16-1-6, 16-1-7, and 16-1-8 extend the proscription of double jeopardy beyond those constitutional limits by placing limitations upon multiple prosecutions, convictions and punishments for the same criminal conduct. A defendant is placed in jeopardy when, in a court of competent jurisdiction with a sufficient indictment, he has been arraigned, has pled and a jury has been impaneled and sworn." (Citations and punctuation omitted.) *Hubbard v. State*, 225 Ga. App. 154, 155 (483 SE2d 115) (1997); see *Haynes v. State*, 245 Ga. 817, 818 (268 SE2d 325) (1980) ("jeopardy

attaches when jury is impaneled and sworn"); *Cochran v. State*, 176 Ga. App. 58, 60-61 (335 SE2d 165) (1985) (statute extends proscription of double jeopardy beyond constitutional limits).

"In regard to the substantive prohibition of OCGA § 16-1-7 (a) (1), the Criminal Code provides *alternative* rules for determining when one crime is included in another as a matter of *fact* or as a matter of law so as to bar conviction and punishment for more than one crime. One of these alternatives provides that the accused may be prosecuted for but may not be convicted of more than one crime if: One crime is included in the other. A crime is included in the other when (a) It is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission *of the crime* charged." (Citations and punctuation omitted; emphasis in original.) *State v. Sallie*, 206 Ga. App. 732, 734 (427 SE2d 11) (1992).

(a) The aggravated assault charge (shooting Jones with the handgun) in the Fulton action is included in Count 4 of the DeKalb action, which alleges Sewell committed kidnapping with bodily harm by shooting Jones with the handgun. See id. (rape charge is included in conviction of kidnapping with bodily injury by raping victim). There was one shooting. Recognizing this, the State concedes on appeal that the conviction on Count 4 should be set aside. Accordingly, the judgment is vacated as to it.

(b) The aggravated sodomy charge of the Fulton action, *as pled* (forcibly placing his mouth on the victim's penis), is not included in Count 3 of the DeKalb action, which alleged Sewell committed kidnapping with bodily harm by forcibly placing his sex organ in her mouth. When moving for a directed verdict in the Fulton action, Sewell acknowledged the difference, arguing the State "simply did not offer any evidence to support the allegation in the indictment." The victim's testimony that Sewell twice forced his sex organ into her mouth was at variance with the wording of the charge. The State acknowledged this and raised no objection to Sewell's motion for a directed verdict on the count.

Nor did jeopardy attach to the aggravated sodomy count in the Fulton action. Prior to the Fulton jury being impaneled and sworn, the State orally announced it would not proceed on this count and that it would not be read to nor go out with the jury. Sewell responded he had no objection. The court did not read the count to the jury either before or after the presentation of the evidence, and Sewell in closing argument conceded he was not charged with aggravated sodomy.

*Reed v. State*, 205 Ga. App. 209, 211 (2) (422 SE2d 15) (1992), held that an oral amendment of the indictment in open court prior to the selection of the jury and in the presence of defendant meant that

jeopardy had not attached to the unamended indictment so as to bar prosecution under the amended accusation. In *Teal v. State*, 203 Ga. App. 440 (417 SE2d 666) (1992), the State was unable to get a battery charge severed, but nevertheless proceeded to try the case on the trespass charge only. In a subsequent action on the battery charge, the defendant pled double jeopardy. Rejecting this argument, *Teal* explained: "Appellant's contention that evidence was presented on the battery charge but no verdict was reached is not supported by the record, as appellant's colloquies with the court concerning his objection to the admission of evidence regarding his behavior after the arrest show that he understood only the trespass charge was being tried before the jury. [Cit.] Even if the State failed to call the battery case out of confusion over which charges had been severed, appellant nonetheless was not placed in jeopardy because no jury was sworn to hear the charge and no final disposition of the charge was made. [Cits.]" Id. at 444 (2) (c).

The Fulton court did enter a directed verdict on the aggravated sodomy charge as pled. See *Bethay v. State*, 235 Ga. 371, 375-376 (1) (219 SE2d 743) (1975) (jeopardy would attach to count on which directed verdict is granted). But the transcript indicates that the judge and parties understood that aggravated sodomy charge was not being tried nor considered by the jury. No jeopardy attached to the Fulton charge so as to preclude trial of the different charge of which Sewell was convicted in DeKalb County.

Denial of the plea in bar as to Count 3 of the indictment was not error.

*Judgment affirmed in part and vacated in part. McMurray, P. J., and Smith, J., concur.*

DECIDED OCTOBER 27, 1997 —
RECONSIDERATION DENIED DECEMBER 5, 1997.

*James D. Michael*, for appellant.
George Sewell, *pro se*.
*J. Tom Morgan, District Attorney, Barbara B. Conroy, John H. Petrey, Assistant District Attorneys*, for appellee.