## A00A0519. SILCOX v. THE STATE.
### (528 SE2d 271)

McMurray, Presiding Judge.

A Murray County jury convicted defendant of two counts of child molestation.[1] The trial court denied his motion for new trial, as amended. He now appeals, contending he received ineffective assistance of counsel for counsel's failure to: (a) prepare for trial by inves-

---

[8] See *Warren v. State*, 232 Ga. App. 488, 490 (3) (a) (502 SE2d 336) (1998).

[1] The crimes occurred in June and July 1995. A grand jury indicted defendant on two counts of child molestation on March 13, 1996. Following a jury trial, defendant was found guilty of both counts on June 27, 1996, and sentenced to 15 years confinement on Count 1 and 20 years confinement on Count 2 to be served on probation concurrent with his sentence to confinement as to Count 1. Defendant filed a motion for new trial on August 30, 1996, which counsel amended on May 25, 1999. On June 18, 1999, the State's attorney filed a motion for more specifics regarding defendant's first amendment to the motion for new trial. The trial court denied defendant's motion for new trial, as amended, on July 16, 1999, and defendant filed a notice of appeal to this Court on August 25, 1999.

tigating the crime scene and interviewing witnesses whose names had been furnished by defendant and his wife, (b) introduce evidence of a negative rape kit test, (c) object to the testimony of the State's witnesses as to what they had been told by the victim, and (d) call witnesses other than the defendant. *Held*:

As to each claim of ineffectiveness, defendant has not established that his counsel's performance was deficient and that the deficient performance prejudiced his defense depriving him of a fair trial. *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674); see *Slade v. State*, 270 Ga. 305, 308 (2) (509 SE2d 618); see also *Stephens v. State*, 265 Ga. 120, 122 (2) (453 SE2d 443).

(a) Deficiency by counsel for failure to prepare for trial has not been established where, as here, the record reflects that counsel met with defendant and his wife before trial to discuss the case, learning, among other things, the layout of the house; that counsel reviewed the State's case file in response to his request for discovery; that counsel reviewed the Department of Family & Children Services documents filed with the trial court in the case; and that counsel interviewed the witnesses suggested to him by the defendant as well as attorneys involved in an earlier juvenile court proceeding relating to the same incidents in preparing to represent the defendant.

(b) Failing to introduce evidence of a negative rape kit test was not deficient in that the testimony of other witnesses established that neither seminal fluid nor spermatozoa were found on the victim.

(c) Failing to object to the testimony of the State's witnesses as to what the victim told them was not deficient in that these statements would have been admissible under the Child Hearsay Statute in that the victim, age ten, was a witness at trial whom the defendant cross-examined. OCGA § 24-3-16. *Knight v. State*, 210 Ga. App. 228, 230 (3) (435 SE2d 682) ("The rule of necessity may be satisfied not only by showing that the declarant is not available for trial, but alternatively by producing the declarant at trial available to testify. [Cits.]"); accord *Guest v. State*, 216 Ga. App. 457, 459 (3) (454 SE2d 622). Moreover, deciding what evidence to present "is a matter of trial strategy and tactics, and tactical errors do not constitute ineffective assistance of counsel. [Cit.]" *Bradford v. State*, 221 Ga. App. 232, 235 (3) (a) (471 SE2d 248).

(d) Finally, counsel was not deficient for limiting defense witnesses to the defendant alone. At the hearing on the motion for new trial, counsel testified he did not call defendant's wife as a witness at the request of defendant and his wife in that she had been molested as a child. In other testimony, counsel indicated that to have called other witnesses would have been cumulative or not worth losing closing argument. Declining to present evidence (other than the defendant's own testimony) so as to preserve the final word in closing argument is a well-recognized trial tactic. *Williams v. State*, 265 Ga. 681,

682 (1) (461 SE2d 530); *Sewell v. State*, 229 Ga. App. 685, 689 (1) (e) (494 SE2d 512); *Boone v. State*, 224 Ga. App. 563 (1) (481 SE2d 569); *Keanum v. State*, 212 Ga. App. 662, 664 (3) (442 SE2d 790); *Avans v. State*, 207 Ga. App. 329, 330 (2) (427 SE2d 826).

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

Decided January 18, 2000 — 

*Millard G. Gouge*, for appellant.

*Kermit N. McManus, District Attorney, Stephen E. Spencer, Assistant District Attorney*, for appellee.