## A01A1688. WILLIAMS v. THE STATE.
(559 SE2d 512)

M<span>IKELL</span>, Judge.

A jury convicted Scott Williams of rape, incest, and two counts of child molestation based on evidence of acts committed against his eleven-year-old daughter. On appeal from the denial of his motion for new trial, he asserts that the trial court erred by (1) denying his ineffective assistance of counsel claim, (2) admitting certain of the victim's out-of-court statements under the Child Hearsay Statute, OCGA § 24-3-16, and (3) refusing to grant a mistrial after the victim's mother referred to Williams's prior incarceration. Williams additionally contends that the evidence is insufficient to support his convictions. Finding no reversible error, we affirm.

On appeal, we view the evidence in a light most favorable to the verdict, and Williams no longer enjoys the presumption of innocence.[1] So viewed, the evidence shows that the victim did not begin visiting with her father until she was 11 years old. During one visit, the victim testified, her father picked her up at her mother's store, took her out to eat, and bought her an outfit. Then Williams took his child to the dollar store, where he purchased what the victim described as something like jelly in a plastic jar. The substance was later identified as K-Y jelly.

Williams brought the victim to the home of a girlfriend, Bessie Spence, who was not home. Williams asked the child to watch a pornographic movie. Then he brought her into a bedroom, instructed her to undress, removed his own clothing, laid her on the bed, and molested and raped her. Williams ejaculated on the victim's hip and told her to take a bath "so no one would find out it was there." Afterward, Williams took the child to a baseball game, where he worked as an umpire. The victim testified that she did not report the incident to anyone at the game because she was afraid of Williams. She also testified that Williams raped her again a short time later.

About two weeks after the second incident, the victim got into an argument with her mother, who threatened to call Williams to discipline the victim. Fearing another sexual assault, the victim became hysterical and reported Williams's actions to her aunt.[2] The aunt told the victim's mother, and the women took the child to the hospital. There, the victim described the incidents in detail to Dr. Adena Greenberg, who examined the child. Dr. Greenberg testified that she found no bruises or tears on the victim's body, but she explained that more than 80 percent of sexually abused children display no signs of physical abuse. Accordingly, Dr. Greenberg testified that the absence

---

[1] *Alford v. State*, 243 Ga. App. 212 (534 SE2d 81) (2000).

[2] The victim lived with her mother, her aunt, and her two grandmothers.

of physical abuse was not inconsistent with the victim's description of the incidents. Later, the victim gave a videotaped statement to the police. The videotape was played for the jury. Williams testified and denied the allegations.

Williams contends that alleged discrepancies in the child's statements to other witnesses coupled with the absence of signs of physical abuse create an insufficiency in the weight of the evidence to sustain his conviction. We disagree. Expert testimony established that most children who are sexually abused show no signs of physical assault. In any event, weighing evidence is exclusively a jury function; an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[3] Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that Williams was guilty of the offenses of rape, incest, and two counts of child molestation.

1. In his first enumeration of error, Williams contends that the trial court erred in denying his motion for new trial on the grounds of ineffective assistance of counsel.

> Generally, the burden is on the defendant claiming ineffectiveness of counsel to establish (1) his attorney's representation in specified instances fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous. . . . The decisions on which witnesses to call, whether and how to conduct cross-examinations, what jurors to accept or strike, what trial motions should be made, and all other strategies and tactical decisions are the exclusive province of the lawyer after consultation with the client.[4]

In the case at bar, trial counsel's testimony during the hearing on the motion for new trial amply supports the trial court's determination that her decisions, made after consulting with Williams, were strategic.

(a) Williams asserts that his trial counsel was ineffective for failing to call five defense witnesses. We disagree. Williams's trial coun-

---

[3] *Swift v. State*, 229 Ga. App. 772, 773 (1) (495 SE2d 109) (1997).

[4] (Citations and punctuation omitted.) *Bevil v. State*, 220 Ga. App. 1, 4-5 (7) (c) (467 SE2d 586) (1996).

sel testified as follows: she interviewed all the potential witnesses and subpoenaed four of them. Those four witnesses attended the trial. Counsel declined to subpoena the fifth potential witness out of concerns for her credibility. For the same reason, she declined to call another witness to the stand. Counsel determined that the opportunity to open and conclude closing argument outweighed the limited usefulness of the anticipated testimony of another witness. In any event, counsel explained, she was able to elicit the same evidence through cross-examination of the state's witnesses. Each decision was made after full discussion with Williams. Deciding "which defense witnesses will be called is a matter of trial strategy and tactics, and tactical errors do not constitute ineffective assistance of counsel."[5] "Declining to present evidence (other than the defendant's own testimony) so as to preserve the final word in closing argument is a well-recognized trial tactic."[6] The trial court's determination that trial counsel made a strategic decision not to call these witnesses is not clearly erroneous.

(b) Williams next contends that his trial counsel was ineffective for failing to make a pretrial motion in limine to exclude references to the defendant having served time in jail on other offenses. This claim does not appear in the record, nor was it raised during the hearing on the motion for new trial. Therefore, the issue is waived.[7]

2. In his second enumeration of error, Williams argues that the trial court committed reversible error when it admitted certain testimony under the Child Hearsay Statute, OCGA § 24-3-16. That Code section allows statements "made by a child under the age of 14 years describing any act of sexual contact or physical abuse" to be admitted into evidence through the testimony of the person to whom the statement was made.

The testimony to which Williams objected was elicited from the victim's mother, who relayed the victim's stated reasons for writing a letter recanting her accusations against Williams. The victim testified that a girlfriend of Williams persuaded her to write the letter, which the girlfriend composed, because the girlfriend was pregnant and wanted Williams released from jail. Subsequently, the victim's mother testified that the victim told her that the girlfriend had her write the letter so that Williams would be released from jail and the

[5] *Bradford v. State*, 221 Ga. App. 232, 235 (3) (a) (471 SE2d 248) (1996).

[6] *Sewell v. State*, 229 Ga. App. 685, 689 (1) (c) (494 SE2d 512) (1997), citing *Williams v. State*, 265 Ga. 681, 682 (1) (461 SE2d 530) (1995); *Boone v. State*, 224 Ga. App. 563 (1) (481 SE2d 569) (1997); *Keanum v. State*, 212 Ga.'App. 662, 664 (3) (442 SE2d 790) (1994); *Avans v. State*, 207 Ga. App. 329, 330 (2) (427 SE2d 826) (1993).

[7] *Braswell v. State*, 245 Ga. App. 602, 606 (7) (538 SE2d 492) (2000); *Keanum v. State*, supra at 663 (1).

girlfriend, her baby, Williams, and the victim could live together as a family.

The victim's out-of-court statements admitted through her mother's testimony did not describe sexual contact or physical abuse. Thus, the trial court erred in overruling Williams's hearsay objection.[8] Under these circumstances, however, the improperly admitted testimony was merely cumulative of other evidence, and its admission was harmless error.[9]

3. In his third enumeration of error, Williams argues that the trial court should have granted his motion for a mistrial after the victim's mother made reference to his criminal record. We disagree.

In a response to a question concerning the frequency of her contact with Williams, the victim's mother replied: "He was in and out of jail so much —." The prosecutor interrupted the witness, and defense counsel moved for a mistrial. The trial court denied Williams's motion for mistrial but gave curative instructions to the jury. Defense counsel did not renew the motion for mistrial following the curative instructions and thereby waived appellate review of the denial of the motion for mistrial.[10] In any event, the victim had earlier testified, without objection, that she first began seeing Williams "when he got out of jail."

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED JANUARY 25, 2002.

*Paola F. Torselli,* for appellant.
*J. Tom Morgan, District Attorney, Jeanne M. Canavan, Assistant District Attorney,* for appellee.

---

[8] *Riddle v. State,* 208 Ga. App. 8, 11 (2) (430 SE2d 153) (1993).

[9] *Letlow v. State,* 222 Ga. App. 339, 345 (4) (474 SE2d 211) (1996). See generally *Felder v. State,* 270 Ga. 641, 646 (8) (514 SE2d 416) (1999) ("The erroneous admission of hearsay is harmless where, as here, legally admissible evidence of the same fact is introduced. In such a case, the hearsay is cumulative and without material effect on the verdict.") (citations omitted).

[10] *Anderson v. State,* 236 Ga. App. 679, 685 (7) (513 SE2d 235) (1999). Accord *Ford v. State,* 269 Ga. 139, 141 (3) (498 SE2d 58) (1998); *White v. State,* 211 Ga. App. 694, 697 (4) (440 SE2d 68) (1994); *Tuggle v. State,* 211 Ga. App. 854, 856 (2) (b) (440 SE2d 740) (1994).