## A02A2218. GEORGE v. THE STATE.
(572 SE2d 644)

BLACKBURN, Chief Judge.

Following his convictions by a jury of aggravated assault, simple battery, and cruelty to children, Michael George appeals, arguing that the evidence is insufficient to support his convictions and that he received ineffective assistance of counsel. For the reasons set forth below, we affirm.

1. George asserts that the evidence was insufficient to support his convictions. We disagree.

> On appeal from a criminal conviction, the evidence must be construed in a light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses. As long as there is some evidence, even though contradicted, to support each necessary element of the State's case, the verdict will be upheld.

*Moore v. State.*[1]

Viewed in this light, the evidence shows that on May 31, 1999, D. G., the appellant's son, lived with his mother, Calandra Terrell, his grandmother, Carolyn Terrell, his two brothers, L. T. and D. T., and Leroy Turner, L. T.'s father. At some point, D. G. became angry with L. T., who had thrown his compact discs. D. G. pushed L. T., and L. T. ran crying from the room. When L. T. informed Turner that D. G. had hurt him, Turner came into the house and asked D. G. why he had laid his hands on L. T. D. G. told Turner to "get out of his face" and threatened to call his father. Turner picked him up and threw him to the floor, pinning his arms and warning him not to lay a hand on L. T.

D. G.'s grandmother, Carolyn Terrell, called his aunt and told her of the altercation between D. G. and Turner. The two then called George to tell him what had happened. George spoke with his son,

---

[1] *Moore v. State*, 254 Ga. App. 134 (561 SE2d 454) (2002).

asked him what had happened, and then told him that he would come to the house later in the day.

That evening, George and an acquaintance, David Kelley, knocked on the residence door and pushed their way into the room. George approached Turner, demanding to know why Turner was "messing" with D. G. The two men grappled. Calandra Terrell yelled for Kelley to leave, but Kelley refused. Terrell then said she was going to call the police. Kelley pulled a handgun, pointed it at Turner's head, and pulled the trigger twice. The gun failed to fire.

Terrell was speaking with the telephone operator when Kelley snatched the phone from the outlet. D. G. came into the room and told Kelley to go outside with the gun and began pushing Kelley toward the front door. D. T., who was also trying to get Kelley out of the living room, was shoved out the front door. Once outside, he ran to a neighbor's house and called the police.

George and Turner were still locked together in a struggle. Kelley yelled to George that they had to leave before the police arrived, but, at first, George could not extricate himself from Turner, who told him he was going to hold him there until the police arrived.

When George finally was able to get out of Turner's grip, he followed Kelley out the front door. Once outside, however, he grabbed the handgun from Kelley and pointed it at Turner. Calandra Terrell jumped in front of Turner and slammed the door. George and Kelley were apprehended by the police as they tried to walk from the scene.

The evidence was sufficient to support the jury's verdict.

2. George next argues that he received ineffective assistance of counsel because his trial counsel failed to interview two witnesses who would have impeached the State's witnesses. This argument lacks merit.

> To prove he has received ineffective assistance of counsel, the defendant must show both that counsel's performance was deficient and that this deficiency prejudiced the defense. Thus counsel's performance will not be found to be deficient if it falls within the range of reasonably effective assistance. The defendant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct. As to deficient performance, errors in judgment and tactical errors do not constitute denial of effective assistance of counsel.

(Punctuation omitted.) *Lee v. State.*[2]

---

[2] *Lee v. State*, 205 Ga. App. 139, 141 (421 SE2d 301) (1992).

The trial court held a hearing on George's motion for new trial and found that the performance of George's trial counsel was not deficient. "Absent clear error and harm, we will affirm the trial court's finding that [George] did not receive ineffective assistance of counsel." *Mency v. State*.[3]

The first potential witness, whose testimony George claims would have impeached the State's witnesses, was Kyna Hashida. Ms. Hashida, who was served with a subpoena, did not show up for trial, but trial counsel did not seek a continuance to secure her testimony.

At the hearing on the motion for new trial, trial counsel testified that he had interviewed Kyna Hashida prior to trial and found that her testimony was inconsistent; he also concluded that, because she was not an eyewitness, her testimony, at most, would merely contradict the testimony of eyewitnesses by showing that the eyewitnesses had made inconsistent statements to her after the incident. In fact, as the trial court noted in its order denying the motion for new trial, when Kyna Hashida testified at the hearing on the motion for new trial, her testimony did not directly contradict the State's witnesses or prove material to the defense.

The other potential witness was Ken Hashida. The trial court concluded, and we agree, that Ken Hashida "added nothing to the defense. He only testified the victim never said anything to him about whether the defendant ever pointed a gun at the victim. He did not testify the victim contradicted his trial testimony when he spoke to the witness."

The trial court found that George's "trial attorney decided as a matter of trial strategy to not call any witnesses so he would obtain the advantage of closing argument." The trial court also concluded that it was because trial counsel had decided not to call the Hashidas that he did not ask for a continuance when they did not show up for trial.

"Deciding 'which defense witnesses will be called is a matter of trial strategy and tactics, and tactical errors do not constitute ineffective assistance of counsel.'" *Williams v. State*.[4] In addition, declining to present evidence "so as to preserve the final word in closing argument is a well-recognized trial tactic." *Sewell v. State*.[5] Accordingly, "[t]he trial court's finding that [George] had been afforded effective assistance of counsel is not clearly erroneous, and the denial of his motion for new trial on this ground is affirmed." *Jackson v. State*.[6]

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

---

[3] *Mency v. State*, 228 Ga. App. 640, 642 (2) (492 SE2d 692) (1997).

[4] *Williams v. State*, 253 Ga. App. 453, 455 (1) (a) (559 SE2d 512) (2002).

[5] *Sewell v. State*, 229 Ga. App. 685, 689 (1) (c) (494 SE2d 512) (1997).

[6] *Jackson v. State*, 209 Ga. App. 53, 57 (7) (432 SE2d 649) (1993).

DECIDED SEPTEMBER 27, 2002.

*Ruth L. Rocker*, for appellant.

*J. Tom Morgan*, District Attorney, *Barbara B. Conroy, Andrette Watson*, Assistant District Attorneys, for appellee.