A03A1571. BROGDON v. THE STATE.
(586 SE2d 344)

BARNES, Judge.

Walter D. Brogdon, Jr. was convicted of criminal attempt to commit robbery by intimidation. He appeals the denial of his amended motion for new trial, contending that (1) his trial counsel was ineffective and (2) the evidence was insufficient to warrant a conviction. For the reasons that follow, we affirm.

---

We view the evidence on appeal in the light most favorable to the verdict, and no longer presume the defendant is innocent. We do not weigh the evidence or decide the witnesses' credibility, but only determine if the evidence is sufficient to sustain the conviction. *Taylor v. State*, 226 Ga. App. 254, 255 (485 SE2d 830) (1997). The test established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), applies when the defendant challenges the sufficiency of the evidence, whether the challenge is from the denial of a directed verdict or the denial of a motion for new trial. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

Viewed in the light most favorable to the verdict, the evidence at trial established that Brogdon entered a Subway sandwich shop claiming to have a contract to clean the floors. The Subway employee was not aware that anyone had a contract to clean the floors, so he offered to call the store manager to clear up the confusion. While in the process of calling the store manager, Brogdon came around the counter into the employee area and took the phone from the employee. Brogdon then pretended to have a conversation with the store manager. He told the employee that the store manager authorized him to receive $350 so that he could buy chemicals for the floor. The employee believed Brogdon was talking to the store manager and was about to give him the money when he realized that he did not carry that much cash in the register. The employee became suspicious, and by the time Brogdon made his second call to the store manager he realized that Brogdon really was not talking to anyone at all. As Brogdon continued to ask the employee to retrieve the money from the safe or the money box, the employee became worried that he was about to be robbed. So the employee went to the bathroom and called the police. While he was in the bathroom Brogdon continuously banged on the door, asked what he was doing, and told him to come out. The employee came out of the bathroom, and while Brogdon again pretended to speak to someone on the phone, the employee pushed the panic button. Brogdon began to get more aggressive in his requests for the money. When the employee said he did not have the money, Brogdon put his hand under his shirt and said, "Just give me all the money out of the cash register because I've got to go now." The employee opened up the money box, put his hands up, and said, "You can have it." Brogdon asked the employee to "give it to him," and he responded, "You get it, it's right there." Finally, Brogdon ran out the door without any money and was eventually apprehended by police.

1. Brogdon contends that the evidence was insufficient to find him guilty of criminal attempt to commit robbery because the State did not prove that he intimidated the victim. The evidence shows that Brogdon repeated his request for money, became more aggres-

sive, and banged on the restroom door in order to get the employee out of the bathroom so that he could get the money. Thus, having reviewed the evidence in the light most favorable to the jury's verdict, we find that a rational trier of fact could have found beyond a reasonable doubt that Brogdon was guilty of attempted robbery by intimidation. *Jackson v. Virginia*, supra. Therefore, this enumeration is without merit.

2. Brogdon argues that his trial counsel was ineffective for failing to thoroughly cross-examine the Subway employee regarding inconsistencies in his written statement and trial testimony, and for failing to attempt to tender the written statement or read it to the jury.

> In order to establish a claim of ineffective assistance of counsel, the appellant must show both that counsel's performance was deficient and that a reasonable probability exists that but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U. S. 668, 695-696 (104 SC 2052, 80 LE2d 674) (1984).

*Davis v. State*, 221 Ga. App. 131, 133 (3) (470 SE2d 520) (1996). Trial counsel's cross-examination methods and failure to enter the written statement into evidence cannot provide the basis for an ineffective assistance of counsel claim in this case. At the hearing on a motion for new trial, trial counsel testified that on cross-examination he pointed out discrepancies in the witness's testimony and that the witness had admitted those discrepancies in front of the jury. Trial counsel's method of cross-examination was a matter of tactics and trial strategy. *Jones v. State*, 263 Ga. 835, 837 (2) (439 SE2d 645) (1994); *Austin v. Carter*, 248 Ga. 775, 780 (2) (c) (285 SE2d 542) (1982). Trial counsel's decision not to tender the written statement into evidence was also trial strategy; trial counsel did not tender the statement because he wanted to preserve his right to open and close final argument. *Dewberry v. State*, 271 Ga. 624, 625 (2) (523 SE2d 26) (1999). It has long been established that "tactical errors do not constitute ineffective assistance of counsel." *Bradford v. State*, 221 Ga. App. 232, 235 (3) (a) (471 SE2d 248) (1996); *Keanum v. State*, 212 Ga. App. 662, 664 (3) (442 SE2d 790) (1994). "The fact that appellant and his present counsel now disagree with the difficult decisions regarding trial tactics and strategy made by trial counsel does not require a finding that appellant received representation amounting to ineffective assistance of counsel." *Stewart v. State*, 263 Ga. 843, 847 (6) (440 SE2d 452) (1994). In addition, Brogdon has failed to prove that a reasonable probability exists that the outcome would be different but for

trial counsel's performance. *Wright v. State*, 276 Ga. 419, 422 (5) (e) (577 SE2d 782) (2003); *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995). Therefore, this enumeration of error is also without merit.

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED JULY 24, 2003 —
RECONSIDERATION DENIED AUGUST 12, 2003.

*Bernadette C. Crucilla*, for appellant.

*Howard Z. Simms, District Attorney, Myra H. Kline, Assistant District Attorney*, for appellee.